No. 48,477

STATE OF KANSAS, *Appellee*, v. DAVID L. MIMS, *Appellant.*

(564 P.2d 531)

Opinion filed May 14, 1977.

*Robert V. Wells*, of Kansas City, argued the cause and was on the brief for the appellant.

*Harry G. Miller*, Deputy District Attorney, argued the cause, and *Curt T. Schneider*, Attorney General, and *Nick A. Tomasic*, District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant-appellant, David L. Mims, appeals from convictions by a jury of aggravated battery (K. S. A. 21-3414) and attempted aggravated robbery (K. S. A. 21-3301 and 21-3427).

The state's evidence disclosed that on December 6, 1974, at approximately 11 p.m., defendant entered a tavern known as Harry's Place in Kansas City, demanded money and shot the bartender, David Harris, in the face at close range with a handgun. Defendant's first trial ended in a mistrial resulting from a hung jury. At his second trial defendant was convicted on both counts charged in the information and thereafter perfected this appeal.

For his first point on appeal defendant claims error in the denial of his motion for a mistrial based on a statement made by Detective Richard Delich during his direct examination as a witness for the state in its case in chief. Detective Delich arrived at the scene shortly after the shooting. When asked concerning his investigation, Delich testified as follows:

"Mr. Miller: As a result of your investigation at the scene, who or what did you begin looking for in connection with the shooting?

"Mr. Delich: We began looking for an orange Volkswagen.

"Mr. Miller: Did you have anybody in mind at that time?

"Mr. Delich: I did.

"Mr. Miller: And who was that?

"Mr. Delich: Pertaining to some time before this incident, we had several occasions of holdups where an orange Volkswagen was used. I was informed by — — "

At this point defendant's counsel approached the bench and requested a mistrial for the reason the detective's reference to the orange Volkswagen was an attempt to link defendant with several unsolved crimes. At the conference before the bench, the prosecutor stated that he was surprised by the detective's unsolicited statement. The court overruled defendant's motion, struck the objectionable testimony and admonished the jury to disregard it.

In his brief on appeal defendant argues that the fact evidence was introduced by mistake does not cure the defect and further that it was not cured by the court's admonition to the jury. We cannot agree with defendant's position. It is clear from the record the objectionable evidence came as an inadvertent statement of a witness and was an unforeseeable and unresponsive answer to a proper question. The occurrence here is almost identical with that occurring in *State v. Mitchell,* 220 Kan. 700, 556 P. 2d 874,

wherein Detective Rainey, in testifying for the state, inadvertently referred to a prior arrest of defendant for an unrelated offense. In disposing of the issue in *Mitchell* we said:

"If any error was committed by Detective Rainey's remark, we hold the unsolicited and unresponsive remark constituted harmless error under the circumstances. (*State v. Robinson*, 219 Kan. 218, 547 P. 2d 335; *State v. Bradford*, 219 Kan. 336, 548 P. 2d 812; and *State v. Childs*, 198 Kan. 4, 11, 422 P. 2d 898.) These cases dealt with an unforeseeable and unresponsive answer to a proper question. The cases recognize it is impossible for the court in advance to exclude an improper answer to a proper question. Therefore, the cases seem to turn on whether a limiting instruction was given and the degree of prejudice. In the case at bar any possible prejudice to the appellant was cured by the court's admonition to the jury. (*State v. Bradford*, supra at 338; *State v. Holsey*, 204 Kan. 407, 464 P. 2d 12.)" (p. 703.)

In the case at bar Detective Delich's statement was inadvertent. Any possible prejudice to the defendant was cured by the court's admonition to the jury.

Defendant's next contention concerns the prosecutor's comment on the fact that defendant failed to call more witnesses in support of his alibi defense. Defendant testified that on the night of the crime he was in the company of a number of friends and relatives. However, defendant caused no subpoenas to be served to compel the attendance of these alibi witnesses and, with the exception of his wife, had made no attempt to contact them. Under these circumstances the prosecution was not outside the bounds of fair comment in pointing out to the jury that none of these persons had been called to the stand by defendant.

A similar question was presented in *State v. Wilkins*, 215 Kan. 145, 523 P. 2d 728, wherein we stated:

"When the theory of the defense is based upon facts within the personal knowledge of a particular person or persons available as witnesses and no attempt to secure their testimony is made the failure to produce available evidence may give rise to an inference that it would be adverse to the party who could have produced it. . . ." (pp. 150-151.)

See, also, *State v. Wilson & Wentworth*, 221 Kan. 359, 559 P. 2d 347; *State v. Robinson*, 219 Kan. 218, 547 P. 2d 335; and *State v. Austin*, 209 Kan. 4, 495 P. 2d 960.

For his third point on appeal defendant claims the trial court erred in refusing to permit him to read to the jury the transcript testimony of his witness, Damon Harlan, given at defendant's first trial. Harlan's testimony at the first trial had been offered in

support of defendant's alibi defense. "Unavailable as a witness" is defined in K. S. A. 60-459 (g). Under the statute, the controlling test of unavailability established by our several cases dealing with the subject is the so-called reasonable diligence rule. In the recent case of *State v. Steward*, 219 Kan. 256, 547 P. 2d 773, we held:

"The inability of a witness to appear must be established by a ruling of the trial court or by agreement of counsel. The sufficiency of proof of unavailability is a question for the trial court within its discretion and its ruling will not be disturbed unless an abuse of discretion is shown." (Syl. 6.)

In the case at bar defendant informed the trial court that prior to the trial he had left messages for the witness, stating that he wished to have the witness testify again and that he was under the impression the witness would appear. Defendant further stated that it was not until the time had come for Mr. Harlan to testify that he became aware that the witness would not attend. Defendant concedes that no subpoena was ever served upon the witness. In support of his position defendant cites *State v. Ford*, 210 Kan. 491, 502 P. 2d 786; and *State v. Bey*, 217 Kan. 251, 535 P. 2d 881. However, neither case supports defendant on the showing made here. In both cases subpoenas for the attendance of the witnesses in question had been issued. In *Ford* there was evidence indicating that the witness had knowingly evaded the process of service. In *Bey* there was evidence that the witness had actually moved to another county without informing the district attorney who had attempted to locate the witness in the county where he had moved through the county officials and relatives of the witness, all of whom failed to locate the witness.

Whether the defendant waited until the day of trial before attempting to ascertain the whereabouts of Harlan or whether defendant realized long before trial there might be a problem in securing his attendance and then neglected to use compulsory process, either case falls short of reasonable diligence. Applying the test stated in *State v. Steward*, supra, we cannot say the trial court abused its discretion in finding that defendant's efforts to secure the attendance of Harlan did not rise to the level of reasonable diligence.

Defendant next contends the court erred in continuing with the trial after it was brought to the court's attention that one of the jurors was acquainted with a witness for the state. We are in-

formed by defendant's brief that this relationship consisted merely of the fact that the witness had worked with the juror as a coemployee of an aircraft company some fifteen years prior to the trial.

If it be assumed the customary and usual *voir dire* questions were asked concerning each juror's acquaintance with the parties, witnesses, and counsel the failure of a juror to recall a past relationship with a witness until after he testified would not mandate the declaration of a mistrial. In this connection the following statement appears in *State v. Collins*, 215 Kan. 789, 528 P. 2d 1221:

".  .  . Under K. S. A. 1973 Supp. 22-3423 the trial court 'may' order a mistrial if false statements of a juror on *voir dire* prevent a fair trial. The determination is left to the discretion of the trial court and failure to grant a mistrial due to misstatements of a juror on *voir dire* will not constitute reversible error unless an abuse of discretion is shown.  .  .  ." (pp. 790-791.)

In such a situation it is the defendant's burden to affirmatively demonstrate that error was committed and that it was prejudicial to his rights. *(State v. Freeman*, 216 Kan. 653, 533 P. 2d 1236.) Defendant has made no showing that his remote association had any effect on the juror's qualifications. No abuse of discretion is shown and the contention must be rejected.

Defendant's next contention concerns an exchange of notes between the court and jury in the absence of counsel. During the jury's deliberations, and while the defendant and his counsel were absent from the court, the foreman sent a note to the judge stating they were unable to reach a decision. Without consulting defendant's counsel, the trial court sent a note back instructing the jury, "Continue to consider your verdict." All three cases cited by defendant *(State v. Troy*, 215 Kan. 369, 524 P. 2d 1121; *State v. Boyd*, 206 Kan. 597, 481 P. 2d 1015; and *Jackson v. State*, 204 Kan. 841, 466 P. 2d 305) deal with the coercion "Allen type" instruction which has been disapproved by this court. The instruction in question contained none of the coercive attributes apparent on the face of an "Allen type" instruction. Thus, the cases relied upon by defendant are inapposite to this appeal. However, even assuming error in the giving of this instruction, it does not approach prejudicial proportions in a case such as the one at bar. In view of the fact that a number of eyewitnesses identified defendant as the man who committed these crimes,

K.S.A. 60-2105 requires this court to disregard such irregularities which do not affect the substantial right of the accused.

The final two points raised in the statement of points on appeal are not briefed by defendant. Unless argued orally, they must be deemed abandoned. (*State, ex rel., v. Unified School District,* 218 Kan. 47, 542 P. 2d 664; and *Basker v. State,* 202 Kan. 177, 446 P. 2d 780.)

The judgment is affirmed.