(855 P.2d 989)

No. 68,545

STATE OF KANSAS, *Appellee*, v. MICHAEL J. MITCHELL, *Appellant*.

Opinion filed July 9, 1993.

*Rick Kittel* and *Lucille Marino*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Michael J. Coffman*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PIERRON, P.J.; LEWIS, J., and JOHN ANDERSON III, District Judge, assigned.

LEWIS, J.: This is an appeal from a conviction on a charge of unlawful possession of a firearm. We reverse and remand for a new trial.

Defendant had been convicted of second-degree murder in the state of Oklahoma and was on parole from that conviction at the

time of the incidents described in this opinion. While on parole, defendant formed a relationship with Syleana Page, and the two lived together for approximately two weeks in a motel in Independence, Missouri.

The evidence is sharply conflicting, but it does appear that either defendant or Page, or both acting together, purchased a shotgun while living in Independence. In due time, Page left Independence and, ultimately, moved to Fort Scott, Kansas, taking the shotgun in question with her. Subsequently, defendant arrived in Fort Scott, hoping to resume his relationship with Page. Defendant's problems are directly traceable to that decision.

When defendant arrived in Fort Scott, he located Page's apartment and went to see her. While at Page's apartment, defendant became involved in an argument with Page. There were other persons in Page's apartment, and, after hearing portions of the argument between Page and defendant, they called the police.

When the police arrived at Page's apartment, they found both defendant and Page in the bedroom. They observed the offending shotgun, which was leaning in the corner of a closet approximately two feet from where defendant was sitting. The police officers also observed defendant's bag, which was laying open on the bed in plain view. They observed several shotgun shells in the bag, and additional shells were laying on the bed on which defendant was sitting. Defendant was arrested and charged with unlawful possession of a firearm.

The questions of who purchased the firearm, who owned the firearm, and who possessed the firearm are the subject of highly conflicting testimony. The record indicates that, at various times, both defendant and Page admitted and denied ownership of the shotgun. Defendant took the witness stand at his trial and denied that he owned or intended to possess the shotgun. Page gave a written statement to the authorities in which she stated that defendant had purchased the shotgun. Later, at defendant's preliminary hearing, Page testified that she did not know who had purchased the weapon in question and indicated that she believed it to be in her possession and not in defendant's possession.

It would serve little purpose to extend this discussion of the facts. Suffice it to say that the evidence was highly conflicting, and the jury, in resolving that conflict, concluded that defendant

had indeed possessed the shotgun and found him guilty of that offense.

Defendant's principal issue on appeal is that the trial court erred in permitting the State to use the transcript of the preliminary hearing testimony of Page at defendant's trial. Page was not present at the trial. We have reviewed the record and agree with defendant's argument in this regard and, accordingly, reverse his conviction and remand for a new trial.

K.S.A. 1992 Supp. 60-460(c) permits preliminary hearing testimony to be admitted at trial if a witness is "unavailable" to testify. The term "unavailable as a witness" is defined at K.S.A. 60-459(g). The relevant provisions of the statute read as follows: " 'Unavailable as a witness' includes situations where the witness is : . . (5) absent from the place of hearing because the proponent of his or her statement does not know and *with diligence has been unable to ascertain his or her whereabouts*." (Emphasis added.)

We conclude that, under the facts shown, the State failed to prove that it had exercised reasonable diligence in attempting to ascertain the whereabouts of Page.

Under the facts, the trial court ruled that Page was unavailable as a witness. Defendant argues on appeal that the State did not prove it had exercised reasonable diligence in its search for Page and, therefore, she was not unavailable within the meaning of the statute.

The record shows that Page had been subpoenaed by the State to appear at the hearing. She did not respond to the subpoena, and the State was given a continuance to attempt to locate her. The trial court signed and issued a pickup order for Page's arrest as a material witness in this action. In addition, the trial court issued a bench warrant for the arrest of Page for her absconding from work release on a misdemeanor conviction. The State did not produce any evidence to indicate what efforts it had made to locate Page other than the fact she was subject to the process described above. Defendant indicated he would accept a proffer from the State as to the unavailability of the witness. This proffer was made and the following is shown by the record:

"THE COURT: I know that we—this case was convened a week ago last and at that time she was not available and Mr. Kerns was sick. State asked

for a continuance so it would have an opportunity to find Syleana Page and in the interim as I've already indicated for the record this Court signed a pickup order for Miss Page as a material witness and the Court has knowledge from its own files that a bench warrant was issued for her in the misdemeanor case because of her in effect absconding while on work release. But I think that's for—the record does need to be some showing as to what efforts the State has made to try to execute those orders or who has done what. I think that would probably be appropriate.

"MR. NELSON: Your Honor, I think the Court files will reflect service of subpoena for Syleana Page. I'm not sure how long ago. In any event, the subpoena was issued for her well prior to this matter coming on for trial either this week or last week. In the meantime, I'm aware of very little the State could do beyond what's already been done. We ask that she be certified a material witness. That has been done. The file will so reflect. We had a pickup order in that case. I believe an arrest warrant is also issued in connection with the case of where she was being held and was on work release and failed to return.

"THE COURT: *Do you know what efforts they have made to try to find her? What was done?*

"MR. NELSON: *No, I don't, Your Honor.* She failed [to] return from work release. I have no idea where they might look for her. She knows that there is a warrant out for her and there is a subpoena out for her served well prior to this incident, these proceedings. I don't know what more could be expected of the State besides issuing a warrant and pickup order and of course the officers all—they're well acquainted with Syleana Page had she been seen and they are also well aware that an order and warrant are out bearing this Court's signature. *That if she had been seen rest assured she would have been brought in.* Mr. Beth is present. He would be able to serve to tell us she was on work release in the correctional center and failed to return and the officers who have testified—I suppose we could call every officer in the police department in, *have them say they haven't seen her in the last week but a warrant is outstanding and subpoena was served.* I think Syleana's absence and her unavailability is more than complete in the record." (Emphasis added.)

The portion of the transcript quoted above shows the total proof proffered by the State that it had made reasonable diligence to locate Syleana Page. We do not believe that a mere showing that compulsory process has been issued for a witness, coupled with a fact that no one on the police department has "seen" the witness, is a sufficient showing that reasonable diligence was exercised to locate the witness.

There have been a number of cases dealing with the issue at hand. "The finding of unavailability of a witness is entirely within

the court's discretion." *State v. Ransom,* 239 Kan. 594, 598, 722 P.2d 540 (1986).

In *Ransom,* the record indicated that no effort was made to locate the witness until the day before the trial. The appellate court upheld the trial court's refusal to rule that the witness was unavailable under the circumstances. In *State v. Mims,* 222 Kan. 335, 338, 564 P.2d 531 (1977), the Supreme Court again upheld the trial court's finding that a witness had not been shown to be unavailable. In that case, the State left messages for the witness but never talked to the witness in person. The State did not issue a subpoena.

In *State v. Alderdice,* 221 Kan. 684, 685-87, 561 P.2d 845 (1977), the finding of unavailability was upheld where the witness was subpoenaed, relatives were questioned, and several police officers were sent to try to find the witness. In *Alderdice,* the court stated: " ' "[T]he test of unavailability . . . is whether the prosecutorial authorities have made a 'good faith effort' to obtain the witness's presence at trial." ' " 221 Kan. at 686. The court continued, " 'This court has not attempted to define the term "reasonable diligence", with the preciseness demonstrated in the definition of some other legal phrases. Analysis of our cases discloses that each case turns on its own particular facts and circumstances.' " 221 Kan. at 687.

We believe that this case is controlled by *State v. Davis,* 2 Kan. App. 2d 10, 573 P.2d 1124 (1978). In *Davis,* we reversed the trial court's decision to permit the use of a preliminary hearing transcript for a witness who was not present at trial. In that case, we stated the following rule:

> "The controlling test in Kansas for unavailability is the so-called 'reasonable diligence' rule. That rule was expressed in *State v. Washington,* 206 Kan. 336, 479 P.2d 833, as follows:
>
> > 'Under the federal constitutional standard as applied to the states, the test of unavailability, for the purposes of the exception to the confrontation requirement, is whether the prosecutorial authorities have made a "good faith effort" to obtain the witness's presence at trial (*Barber v. Page,* 390 U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318). Consistent with the federal mandate is our long-standing rule that before the state may use the testimony of an absent witness given at a former trial or preliminary hearing, it must be made to appear the witness cannot, by the exercise of reasonable diligence, be produced at trial [citations omitted].'

"To establish 'reasonable diligence' *the state must present evidence of the effort made to secure the attendance of the witness. C.J.S. states the general rule that '[t]he preliminary proof should be full and convincing.'* 31A C.J.S., Evidence, § 391, p. 963. In *State v. Brown,* 181 Kan. 375, 312 P.2d 832, the court made it clear that *evidence* of the state's diligence must be produced. In *Brown* the court stated:

> 'Statements of counsel, however, are not evidence any more than are the opening statements of counsel in the presentation of a case before a jury or to the court. The foundation, which the law contemplates, is a *foundation in evidence. It is proof that is required.* Proof that due diligence has been exercised and that the testimony of the witness is not available. A proper foundation for the introduction of testimony of the character now under consideration required that the assistant county attorney and the deputy sheriff, as well as the other necessary witnesses, testify under oath with respect to the facts relied upon as the foundation, giving the defendant full opportunity to cross-examine. In addition, documentary evidence relied upon for the foundation should be properly introduced in evidence. (pp. 394-5.)" 2 Kan. App. 2d at 12.

As we view the record, there is no *evidence* in this action that the State made any real effort to secure the attendance of Page. We hold the mere proof that compulsory process has been issued to secure the attendance of a witness or that the witness is wanted on an outstanding arrest warrant is not, standing alone, sufficient to satisfy the required showing of "unavailability." There must be some evidence that the State has made an effort to execute the compulsory process or to execute the arrest warrant and locate the witness. A mere showing that the police "have not seen" the witness does not show that the police have exercised reasonable diligence in locating that witness. The right of a defendant to confront and cross-examine the witnesses against him or her is a valuable and constitutionally protected right. We do not believe that a defendant can be deprived of that right absent "full and convincing" evidence that the authorities have made a reasonable effort to locate an unavailable witness. That showing was not made in the instant matter, and the trial court erred in declaring Page "unavailable" as a witness and in permitting the use of her preliminary hearing testimony. This error requires that we reverse defendant's conviction and remand for a new trial consistent with the contents of this opinion.

We also note that the trial court modified the defendant's sentence in this case outside of defendant's presence. This was clear

error. See *State v. Barraza-Flores*, 16 Kan. App. 2d 15, 24, 819 P.2d 128 (1991). However, this issue is rendered moot by our decision to reverse and remand.

Defendant also complains about the failure of the trial court to instruct the jury on the crime of attempted unlawful possession of a firearm. This issue is also rendered moot by our decision, and we do not reach it.

However, in the event of a retrial, we would point out that a trial court does have an affirmative duty to instruct on all lesser included offenses which are supported by the evidence.

We have no way of knowing what the evidence may show on a retrial of this matter. However, unless it is very clear that an attempt to unlawfully possess the firearm is not supported by the evidence, an instruction on that offense as a lesser included offense should be given if requested.

Reversed and remanded for a new trial consistent with this opinion.