No. 72,635

STATE OF KANSAS, *Appellee*, v. CARRIE L. VINCENT, *Appellant*.

(908 P.2d 619)

Opinion filed December 8, 1995.

*Gunnar A. Sundby*, of J. David Farris Law Offices, of Atchison, argued the cause, and *J. David Farris*, of the same firm, was on the brief for appellant.

*Allen A. Ternent*, county attorney, argued the cause, and *Patrick E. Henderson*, special prosecutor, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: Carrie L. Vincent appeals her jury trial convictions of felony murder, K.S.A. 1993 Supp. 21-3401(b), aggravated robbery, K.S.A. 1993 Supp. 21-3427, and conspiracy to commit robbery, K.S.A. 1993 Supp. 21-3302 and K.S.A. 1993 Supp. 21-3426, arising from the carjacking and shooting death of Marcus Smith. Vincent was sentenced to consecutive sentences (life for the felony murder with upward departures on the other two offenses).

The incident involved a group of five teenagers, Damon Cox, Stefan Wheeler, Jared Owens, Michael Hayes, and Vincent. Four of the defendants, Cox, Wheeler, Owen and Vincent, were tried jointly as aiders and abettors. Cox and Vincent, each 17 at the time of the offense, were certified to be tried as adults. Cox was convicted of the same offenses as Vincent. (*State v. Cox*, 258 Kan. 557, 908 P.2d 603 [1995].) Wheeler was convicted of aggravated robbery and acquitted of the other charges. Owens was acquitted of all charges. Hayes was tried separately as the triggerman and convicted on all charges. (*State v. Hayes*, 258 Kan. 629, 908 P.2d 597 [1995].)

Our jurisdiction is under K.S.A. 1993 Supp. 22-3601(b)(1) (off-grid crime conviction). Vincent asserts sentencing error in (a) granting upward departures and (b) imposing an excessive total imprisonment term.

Vincent raises three assignments of error besides the sentencing issues. She contends that the trial court: (1) erroneously allowed the State to introduce gang evidence and gave an erroneous gang evidence instruction; (2) erred in admitting oral hearsay evidence that the vehicles used by the perpetrators were stolen; and (3) erred in failing to sever her trial. The resolution of the first two issues is controlled by *Cox*. (Severance was not an issue in Cox's case.)

We find no reversible error on issues (1) and (2), no error on issue (3), and affirm the convictions. On the sentencing issues, following *Cox*, we hold that K.S.A. 1993 Supp. 21-4716(b)(2)(B)

requires that only the defendant's individual conduct during the commission of the current offense be reviewed when considering the imposition of a departure sentence. Consequently, we vacate the sentence for aggravated robbery. We hold that a killing resulting in a conviction of felony murder may not be used, under the facts of this case, as the basis for an upward sentence departure for a conviction of conspiracy to commit robbery. We also vacate the sentence of conspiracy to commit robbery. We affirm the felony-murder sentence and remand for resentencing on the other convictions.

## FACTS

The facts are briefly set out in *Cox*. Additional facts are referenced in this opinion.

## DISCUSSION

We will first consider the severance issue. Vincent contends that the trial court erred in denying her motion for severance.

We stated in *State v. Butler*, 257 Kan. 1043, Syl. ¶ 9, 897 P.2d 1007 (1995):

"Severance of trials of codefendants in a criminal case lies within the sound discretion of the trial court. The burden is on the movant to present sufficient grounds to establish actual prejudice. Some of the factors to be considered in determining whether there is sufficient evidence to mandate severance are: (1) that the defendants have antagonistic defenses; (2) that important evidence in favor of one of the defendants which would be admissible on a separate trial would not be allowed on a joint trial; (3) that evidence incompetent as to one defendant and introducible against another would work prejudicially to the former with the jury; (4) that the confession by one defendant, if introduced and proved, would be calculated to prejudice the jury against the others; and (5) that one of the defendants who could give evidence for the whole or some of the other defendants would become a competent and compellable witness on the separate trials of such other defendants."

Vincent does not assert any of the five grounds listed in *Butler*. "Any point specified on appeal which is neither argued nor briefed is deemed to have been abandoned." *State v. Mims*, 222 Kan. 335, Syl. ¶ 6, 564 P.2d 531 (1977). Even if Vincent had argued any of these grounds, none appear applicable. Vincent contends first that

only the testimony of Wheeler, one of the codefendants, placed Vincent at the scene of the crime. We do not agree. Vincent's own statement, read to the jury in redacted form, placed her at the scene of the crime. In addition, Wheeler could competently testify against Vincent, regardless of severance.

Vincent's statement provides in relevant part:

"Our vehicles followed Marcus out of King's, east on Division to 8th, south on 8th to Laramie and went on Laramie where Marcus stopped. The dark green Blazer stopped next to Marcus. Marcus was against the north . . . curb and we were next to him, both of us headed west. Kilo [Hayes] was driving a black Blazer. He drove in front of Marcus and parked against the north curb, also headed west. Kilo got out of the black Blazer he was in and walked in between Marcus, who was in his car, and I sat in my car. Kilo asked Marcus how much he wanted for the wheels and tires. Marcus said he didn't really want to sell them. I was leaning out the window talking to Marcus when Kilo took a gun from the glove box of my car. The gun was a dark colored revolver handgun. Kilo went to Marcus' window. At that point I got out of my car and went to the black Blazer parked behind Marcus. I didn't want to be around if anything happened so I got into the driver's seat of the black Blazer and drove off."

Vincent gave a second statement to Detective Wilson, which was also read to the jury in redacted form. In that statement, she admitted that she

"saw Kilo get a gun out of the glove box of the dark green Cherokee Jeep. He pointed the gun at Marcus and made Marcus get out of his car. He then made Marcus lay on his stomach on the ground. I watched as he shot Marcus twice in the back. I drove away in the black Blazer and heard several more shots."

Detective Wilson also testified that Vincent described to him the position of the vehicle she was in at the scene of the murder, in relation to Marcus Smith. Vincent also described to Detective Wilson the location of the black Blazer, the vehicle she left the scene in, which was parked behind the victim's vehicle.

Vincent next argues that the testimony of Officer Smith concerning gangs was irrelevant and inadmissible as to her and was only allowed in because Cox was a codefendant. We held in *Cox* that the admission of Officer Smith's testimony concerning gangs was harmless error. The error was harmless as to Vincent as well, as we discuss later in the opinion, and provides no grounds for severance.

Vincent also argues that her association as a white female with four black codefendants should require severance. Vincent notes that during voir dire, all panel members were asked whether this relationship would influence them and all answered that it would not. Vincent shows no reason why this relationship makes severance necessary. In addition, Vincent fails to show how severance would keep the existence of race from the jury.

Vincent mentions in passing, but does not address in her brief, the question of antagonistic defenses. We have observed:

"Antagonistic defenses do require severance, but such defenses occur only when each defendant is attempting to convict the other. *State v. Pham*, 234 Kan. 649, 655, 675 P.2d 848 (1984). The existence of antagonistic defenses among codefendants is cause for severance when the defenses conflict to the point of being irreconcilable and mutually exclusive. *State v. Martin*, 234 Kan. 548, Syl. ¶ 3, 673 P.2d 104 (1984)." *State v. Anthony*, 257 Kan. 1003, 1018, 898 P.2d 1109 (1995).

In this case, Vincent's defense was not antagonistic to the defenses of any of the other codefendants, nor were any of their defenses antagonistic to Vincent's. Vincent and Cox each separately gave interlocking statements to Detective Wilson admitting their level of involvement and identifying Hayes as the triggerman. None of the codefendants testified at trial or presented any evidence, except for Wheeler. Wheeler did not deny his involvement, but testified that he was coerced by Hayes. Such a defense is not antagonistic to Vincent's. Wheeler was not attempting to convict Vincent.

Vincent has failed to show any reason why the trial court's decision not to sever her trial was an abuse of discretion.

The remaining issues are controlled by *Cox*.

## Gang Evidence

Vincent argues that the trial court committed reversible error by admitting over her objection the irrelevant testimony of Hardie T. Smith, a gang expert, and compounded the error by giving a gang evidence instruction. She contends that in view of the absence of any evidence that Vincent was a gang member or that her involvement in the carjacking was gang-motivated, the trial court abused its discretion by admitting Officer Smith's testimony as to gangs.

This identical issue was raised in *Cox*. Our decision in *Cox* controls. In *Cox*, we determined that the gang evidence was irrelevant and improperly admitted, but harmless error.

## Jury Instruction

The trial court gave the following instruction concerning gang evidence to the jury:

"Evidence has been admitted in this case that each of the defendants are members of a gang. This evidence may be considered solely for the purpose of proving their motive, interest, or bias for their actions, but only for that limited purpose."

During the instructions conference, Vincent's counsel objected to the gang evidence instruction on the grounds that there was no proof that Vincent was in a gang. In view of the absence of evidence in the record that Vincent was a gang member, the instruction is erroneous. In *Cox*, we held that the instruction was improper, but harmless error.

It is unlikely that the instruction affected the outcome of the case. Owens was acquitted of all charges. Wheeler was convicted only on the aggravated robbery charge. The jury appeared to have based its verdicts on the evidence of the defendants' conduct in connection with the carjacking, not on gang membership per se. Vincent's level of involvement was well established in her own statements and the testimony of other witnesses. The instruction was harmless error as to Vincent.

## Hearsay Evidence

At trial, counsel for all four defendants joined in objections at the time the State offered the oral testimony of Chief Pickman of the Atchison Police Department. He testified that the police ran routine vehicle registration and ownership checks on the vehicles in which the defendants were apprehended. The objections were on the grounds that such information was highly prejudicial, based on uncharged conduct, and that it was hearsay not falling within any exceptions, including any "business" exceptions. The trial court overruled the objections and allowed the testimony, stating that "it's in the official course of business." Chief Pickman then testified

that the checks revealed the Jeep and two black Blazers had been stolen late on the night of July 29, 1993, or early on July 30, 1993.

Vincent mentions in passing that the trial court allowed the hearsay testimony of Chief Pickman. Vincent does not argue that the testimony was erroneously admitted as hearsay. Vincent only contends that the testimony is inadmissible under K.S.A. 60-455 as "prior crimes" evidence. We addressed the hearsay issue in *Cox* and determined that the admission of Chief Pickman's testimony was harmless error. In *State v. Davis*, 256 Kan. 1, 22, 883 P.2d 735 (1994), we held that evidence (not subject to a hearsay objection) that a vehicle as stolen would be independently admissible as res gestae evidence. Therefore, such evidence would not fall within K.S.A. 60-455. Vincent's argument on this issue is not persuasive.

## Sentencing

The trial court sentenced Vincent to life imprisonment on the felony-murder conviction, upward departures of 102 months' imprisonment for the aggravated robbery conviction, and 26 months' imprisonment for the conspiracy to commit robbery conviction, all terms to be served consecutively. Vincent received the same sentence as Cox, and the sentencing court appears to have used the same aggravating factor for each codefendant: the brutality of the killing. In *Cox*, we remanded for resentencing because the sentencing court appeared to have improperly considered more than the defendant's own conduct in determining that the aggravating factor, "excessive brutality" under K.S.A. 1993 Supp. 21-4716 (b)(2)(B), existed.

As grounds for the upward departures for Vincent, the trial court stated:

"But here we have the evidence that we have you four or five coming up here in three stolen vehicles.

"Geemenee Christmas.

"That's pretty bad in itself and would show that really there was little disregard for the property of other people.

"As far as your participation in this crime, the Court agrees with the County Attorney.

"I think your participation, as it turned out, was a lot more than a couple of the other defendants.

"And it showed out during the crime spree, or the crime that was committed, later on the stealing of the vehicle and the killing of Marcus Smith, that actually you were involved with it up to the very end as far as being in the vehicles that went up there to kind of block off Marcus Smith and to get something done.

"What defendants can't understand is if they don't pull the trigger, they don't think they're as liable.

"But we all know that actually a person who is part of a gang does not have to be the one that pulls the trigger or doesn't even have to be part of the gang.

"The one that participates in the crime doesn't have to be the one that pulls the trigger.

"And, actually, you know, in most crimes of that nature, it isn't the one who's the most guilty.

"Who's the mastermind.

"And the mastermind usually doesn't pull the trigger.

"And I think that you participated in it very fully in this particular case.

"And even though it's hard to understand for a male like myself of how a young lady like yourself could really get involved in these big crimes, it's just a matter of our—what I've said before—about people and their associations and what they get involved in and what they really don't have much purpose in life.

"And I remember you especially sitting down there with the boys on the first two or three appearances and just laughing and carrying on like nothing happened.

"And you just—you just—don't understand the value of life.

"And I'm not sure that anything's going to change you probably in the near future.

"So the Court believes that he would be remiss in not finding you or sentencing you the same way that I did the previous defendant.

"And the Court finds that this was a brutal execution-type of murder."

Our holding in *Cox* controls the sentencing issues in this case.

As required by K.S.A. 1993 Supp. 21-4716(a), the trial court did state on the record at the time of sentencing what it considered to be the substantial and compelling reason for departure: the "brutal execution-type of murder." As in *Cox*, the trial court appears to have focused on Vincent's criminal liability as an aider and abettor, rather than looking at Vincent's own conduct during the commission of the offense, as required under K.S.A. 1993 Supp. 21-4716(b)(2)(B).

We affirm the three convictions and the sentence for felony murder. We vacate the sentences for aggravated robbery and conspiracy to commit robbery and remand for sentencing with instructions to impose the appropriate sentences under the Kansas Sentencing Guidelines Act, K.S.A. 1993 Supp. 21-4701 *et seq.*

Because of our holding that upward departures in sentencing were not appropriate, we need not address Vincent's contentions that her total term of imprisonment was improperly determined.

Convictions affirmed, sentences vacated in part, and case remanded.