(920 P.2d 470)

No. 73,940

STATE OF KANSAS, *Appellee*, v. ERNEST DEAN LAKEY, *Appellant*.

Opinion filed July 5, 1996.

*Nancy Orrick*, of Olathe, for appellant.

*Ted Baird*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., PIERRON and KNUDSON, JJ.

RULON, J.: Ernest Dean Lakey, defendant, appeals the sentencing court's ruling concerning his criminal history and further appeals the court's refusal to grant his motion for both a durational and dispositional departure. We affirm in part and dismiss in part.

As we understand, defendant entered a plea of guilty to two counts of attempted criminal threat under K.S.A. 21-3419 and K.S.A. 21-3301, both level 10 person felonies. Prior to sentencing, defendant filed an objection to his criminal history as listed in the presentence investigation (PSI) report and additionally filed a motion for durational and dispositional departures from the presumptive sentence.

A review of defendant's PSI report shows he has multiple prior convictions from California. Defendant concedes that the State produced proof of at least three prior person felonies. The sentencing court found that sufficient proof had been presented on at least five of the person felonies. Defendant argues the court should have ordered that the remaining entries on his PSI report be stricken because the State failed to prove those convictions. De-

fendant argues that under K.S.A. 21-4714(f), in a subsequent felony sentencing proceeding a court is permitted to take judicial notice of an earlier presentence criminal history worksheet and, thus, the unproven crimes in this criminal history worksheet may prejudice him in the future.

We agree that upon a subsequent felony conviction, a sentencing court can take judicial notice of an earlier presentence criminal history worksheet prepared for crimes committed after July 1, 1993. K.S.A. 21-4714(f). We further agree that the better practice is for a sentencing court to make a finding specifying precisely which prior convictions have been adequately proven and stating that the other crimes listed in the worksheet have not been proven and are not being considered as part of the defendant's criminal history score. In this way, a subsequent sentencing court can determine exactly which prior crimes were sufficiently proven to justify taking judicial notice.

Here, the sentencing court specifically stated that the State had proven the convictions listed as entries 2, 3, 4, 5, and 6 in the PSI report. Necessarily, the court was finding that the remaining convictions had not been proven. The court then found that it was not necessary to further consider the remaining convictions because defendant was already properly categorized as having a criminal history score of A. Therefore, in any subsequent felony sentencing proceeding, if the State wanted to use the remaining convictions, it would be required to provide proof of those convictions by a preponderance of the evidence upon a defendant's challenge.

"The sentencing guidelines are based on two controlling factors: crime severity and criminal history of the defendant." *State v. Fifer*, 20 Kan. App. 2d 12, 15, 881 P.2d 589, *rev. denied* 256 Kan. 996 (1994). Consequently, if either the crime severity level or the criminal history score are in error, a defendant could challenge his or her sentence as being an illegal sentence under K.S.A. 22-3504. See *State v. McCallum*, 21 Kan. App. 2d 40, 46, 895 P.2d 1258, *rev. denied* 258 Kan. 862 (1995). While it was appropriate for defendant to challenge his criminal history as outlined in the PSI report, the court's refusal to strike the unproven convictions did not have any effect or prejudice as far as the current sentence is

concerned. "Errors which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining do not require reversal when substantial justice has been done." *State v. Bell*, 239 Kan. 229, Syl. ¶ 2, 718 P.2d 628 (1986).

Next, defendant argues the sentencing court erred in denying his motion for both a dispositional and a durational departure. Specifically, he claims that because his prior convictions occurred anywhere from 21 to 37 years earlier and because he was a good candidate for probation, the court should have granted his motion. Defendant contends the court erred in denying his motion and finding there was no provision in K.S.A. 21-4716 for considering the age of prior convictions as a reason for a departure.

This record shows that defendant was sentenced to 12 months for each count, both sentences to be served concurrently. This sentence is within the presumptive sentencing grid box for defendant's crime and criminal history score. As such, under K.S.A. 21-4721(c)(1) and this court's decision in *State v. Myers*, 20 Kan. App. 2d 401, 888 P.2d 866 (1995), we have no jurisdiction to review such a sentence. Under K.S.A. 21-4721, this court can only review the facts and reasons used in support of a departure, not the decision whether to depart. See *State v. Wilson*, 111 Or. App. 147, 149, 826 P.2d 1010 (1992), quoted in *State v. Richardson*, 20 Kan. App. 2d 932, 938, 901 P.2d 1 (1995).

Finally, defendant argues the Kansas sentencing guidelines are unconstitutional because they deny him equal protection and due process of law. We note this argument was not raised in the district court and therefore cannot now be raised on appeal for the first time. See *State v. Gideon*, 257 Kan. 591, Syl. ¶ 4, 894 P.2d 850 (1995).

Affirmed in part and dismissed in part.