(933 P.2d 164)

No. 75,158

STATE OF KANSAS, *Appellee*, v. JOSEPH ALFRED RODRIGUEZ, *Appellant*.

—

Opinion filed February 28, 1997.

*Michael P. Whalen* of Patton, Davis and Putnam, of Emporia, for the appellant.

*Joe Lee*, assistant county attorney, *Rodney H. Symmonds*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before MARQUARDT, P.J., PIERRON, J., and RON ROGG, S.J.

PIERRON, J.: This is an appeal of the imposition of a presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA). Joseph Rodriguez pled guilty to one count of indecent liberties with a child, a violation of K.S.A. 21-3503(a)(1). Rodriguez filed a motion to depart, which was denied by the district court. He appeals the denial of his motion. We affirm.

At sentencing, the district court noted the motion for a dispositional and durational departure and asked Rodriguez' counsel if he could incorporate his arguments for departure with his comments regarding sentencing. Rodriguez' attorney replied, "I can, Judge," and also stated there was no objection to Rodriguez' criminal history score of C.

The court denied Rodriguez' request for a durational and dispositional departure. It relied, in part, upon Rodriguez' criminal history in denying the departure request.

Rodriguez argues the district court did not have authority under K.S.A. 21-4718(a)(1) to hold a joint hearing and, furthermore, the joint hearing resulted in a prejudiced tribunal denying him of his constitutional due process rights.

K.S.A. 21-4718(a)(1) states: "Whenever a person is convicted of a felony, the court upon motion of either the defendant or the state, shall hold a hearing to consider imposition of a departure sentence."

The language of K.S.A. 21-4718(a)(1) requires a hearing to be held on every motion to depart. However, the language of the statute is silent as to whether this hearing may be combined with the sentencing hearing, or whether it must be heard independently.

In *State v. Bost*, 21 Kan. App. 2d 560, 566, 903 P.2d 160 (1995), this court interpreted K.S.A. 21-4718(a)(1):

"The KSGA does not expressly state that a motion for departure must be filed prior to sentencing. *However, provisions of the KSGA provide that the disposition of a departure sentence must be resolved prior to or at the sentencing hearing.* K.S.A. 1994 Supp. 21-4718(a) provides that if a defendant or the State files a motion to depart, the court shall hold a hearing to consider a departure sentence. Additionally, the hearing shall be scheduled so that both parties have adequate time to prepare to argue for or against departure." (Emphasis added.)

Rodriguez' attorney stated to the district court that he was prepared to argue the departure motion. Therefore, following the analysis in *Bost*, Rodriguez' departure motion hearing met the requirements put forth in K.S.A. 21-4718(a)(1).

Rodriguez argues that holding a combined hearing on his motion to depart and sentencing creates an unjust result because the district court was able to consider his criminal history score in denying his motion to depart. He argues that in *State v. Richardson*, 20 Kan. App. 2d 932, 941, 901 P.2d 1 (1995), this court held a defendant's criminal history cannot be used as justification for a departure sentence when the sentencing guidelines have already taken the defendant's criminal history into account in determining the presumptive sentence within the grid.

The district court's ruling on Rodriguez' motion clearly illustrates why *Richardson* should only apply in granting a motion to depart rather than denying it.

"Under the circumstances, Mr. Rodriguez has two prior convictions, well, that is an incorrect statement. He has two prior adjudications of offenses which had he been an adult would have been considered to be felony offenses, which are counted as convictions for purposes of the Kansas sentencing guidelines act. That tells me that Mr. Rodriguez understands in many respects the criminal justice system. He understands that to a certain degree that individuals are responsible for their own conduct. . . . Mr. Rodriguez also is of age. I think mentally that he is fully capable of understanding that he has a responsibility to individuals who are not yet of consensual age with regard to sexual acts, and did nothing to prevent that sexual act from taking place. I simply am not prepared at this point in time, based upon the testimony that's offered, to conclude that there is substantial and compelling reasons to depart from the presumed sentences. I think the legislature took it into consideration in setting the crime definition and in setting the sentencing guidelines act that there would be these sets of circumstances and something more has to be offered to me to indicate that merely going along with the conduct, in fact, make them a participant as that phrase is used in the negating factors list."

The *Richardson* court stated that "[a] defendant's criminal history cannot be used as justification for a departure sentence when the sentencing guidelines have already taken the defendant's criminal history into account in determining the presumptive sentence within the grid." 20 Kan. App. 2d 932, Syl. ¶2. In the case at bar, the district court looked at the criminal history and found the legislature had intended to sentence defendants, such as Rodriguez, within the appropriate presumed sentencing grid. Upon making that finding, the district court was cognizant of its authority to depart; however, it concluded there was no substantial and compelling reason to override that presumptive sentence and, therefore, denied the motion to depart.

Rodriguez' entire argument rests on the notion that he has a right to appeal because the district court's knowledge and consideration of his criminal history resulted in prejudice. However, even if this court could find Rodriguez is entitled to appeal under K.S.A. 21-4721(a) and (e), Rodriguez has not asserted in his brief that the district court was presented with a substantial and compelling reason to depart. " 'Any point specified on appeal which is neither argued nor briefed is deemed to have been abandoned.' " *State v. Vincent*, 258 Kan. 694, 696, 908 P.2d 619 (1995) (quoting *State v. Mims*, 222 Kan. 335, Syl. ¶ 6, 564 P.2d 531 [1977]).

Finally, Rodriguez argues that his due process rights were violated because the district court's consideration of his criminal history score denied him a fair tribunal. Rodriguez argues this case is analogous to *State v. Fisher*, 249 Kan. 649, 822 P.2d 602 (1991). In *Fisher*, the Kansas Supreme Court held that a judge's comment, in which the judge said he would not give probation to anyone convicted of possession of cocaine, was evidence that the district court abused its discretion in sentencing the defendant. 249 Kan. at 652.

The major error with Rodriguez' argument is that it fails to recognize the standard of review for sentencing appeals has changed under the KSGA. The standard of review is no longer abuse of discretion. Under the KSGA, if a presumptive sentence is imposed, this court can only review claims of partiality, prejudice, oppression, or corrupt motive. See K.S.A. 21-4721(a) and (e); *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994).

Rodriguez bears a heavy burden, because there is a strong legislative presumption that an imposition of a presumptive sentence is not a result of partiality, prejudice, oppression, or corrupt motive. See 20 Kan. App. 2d 179, Syl. ¶ 9.

In this case, the district court was not required to give any reasons for imposing the presumptive sentence and did not have to state any reasons for not granting a departure sentence. See *State v. Mares*, 20 Kan. App. 2d 971, 972, 893 P.2d 296, *rev. denied* 257 Kan. 1095 (1995).

Rodriguez argues that he can appeal his sentence because prejudicial information was allowed in. As previously discussed, it was not error for the district court to have knowledge of the defendant's criminal history in determining whether to grant a departure. Therefore, Rodriguez has failed to meet his burden of proof in establishing that his sentence resulted from partiality, prejudice, oppression, or corrupt motive.

Rodriguez did not object to the district court's decision to hear his statements regarding sentencing and the motion to depart at the same hearing. In fact, when asked by the district court if the defense could argue the departure motion at sentencing, Rodriguez' attorney answered, "I can, Judge."

In *State v. Boyd*, 257 Kan. 82, 89, 891 P.2d 358 (1995), the Kansas Supreme Court stated:

"In the case now before the court the record clearly shows defendant participated in the proceedings and was given the opportunity on the record to voice any objections or to suggest a different response. He did not do so. The time-honored rule [is] that an issue not presented to the trial court may not be raised for the first time on appeal. . . . As the State points out, a timely objection is necessary to give the trial court the opportunity to correct any alleged trial errors. [Citation omitted.] Clearly, the defendant had the opportunity to object and to inform the trial court of his dissatisfaction with the ruling while the court still had a chance to correct any error. By failing to object, the defendant waived his right to raise the issue on appeal."

Rodriguez asserts, for the first time on appeal, that his due process rights have been unconstitutionally abrogated under the KSGA because his presumptive sentence is not appealable under the guidelines. A KSGA due process and equal protection issue was raised for the first time on appeal in *State v. Lakey*, 22 Kan. App. 2d 585, 920 P.2d 470 (1996). This court stated: "We note this argument was not raised in the district court and therefore cannot now be raised on appeal for the first time." 22 Kan. App. 2d at 587. Because Rodriguez failed to raise this constitutional argument at the trial level, he has waived his right to raise it for the first time on appellate review.

In any event, the claim is not well founded.

Affirmed.