(8 P.3d 3)

No. 80,588

STATE OF KANSAS, *Appellee*, v. EDUARDO RODRIGUEZ-GARCIA, *Appellant.*

Opinion filed December 23, 1999.

*Mary Curtis*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jacqueline J. Spradling*, assistant district attorney, *Paul Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before JUSTICE DAVIS, presiding, DAVID J. KING, District Judge, assigned, and PHILIP C. VIEUX, District Judge, assigned.

DAVIS, J.: Eduardo Rodriguez-Garcia appeals his convictions for aggravated burglary, attempted theft, and criminal damage to property following a second jury trial. His earlier convictions for the same offenses and an additional offense of attempted second-degree murder were set aside by this court based on prosecutorial misconduct during closing argument. *State v. Rodriguez-Garcia,* 23 Kan. App. 2d 847, 937 P.2d 446 (1997).

In this appeal, the defendant argues that his statutory right to a speedy trial had been denied. He also claims (1) that the court erred in permitting the State to present the testimony of the victim from the previous preliminary hearing and trial as well as her statements to the police after the crime, and (2) that the trial court's exclusion of the victim's impact statement from the first trial was error. The admission of the victim's previous preliminary and trial testimony without foundation, as explained in this opinion, requires reversal. We, therefore, reverse and remand for further proceedings.

Speedy Trial

The defendant claims that the State violated his right to a speedy trial by failing to bring him to trial within the 90-day time limit provided by K.S.A. 22-3402. K.S.A. 22-3402(4) requires a person such as the defendant whose conviction is reversed to be brought to trial within 90 days from the date the mandate of the Kansas Supreme Court or the Court of Appeals is filed with the district court.

The mandate, overturning the defendant's convictions after the first trial, was filed with the district court on July 29, 1997. The defendant was brought to trial on November 17, 1997, 111 days

later. K.S.A. 22-3402(3)(d) allows the 90-day period of time to be extended when "[b]ecause of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty (30) days may be ordered upon this ground." The defendant's case fits squarely within the provisions of K.S.A. 20-3402(3)(d).

On September 11, 1997, the trial judge scheduled the defendant's trial for November 17, noting, "I don't have anything open until November 17, 1997." Although the defendant contends that the trial court made no explicit finding that it was invoking the 30-day continuance rule, the statute does not require such an explicit finding. See *State v. Steward*, 219 Kan. 256, 261-62, 547 P.2d 773 (1976) (holding that the trial court need not hold a formal hearing before granting a continuance under K.S.A. 22-3402[d] on its own motion because the trial court has the ultimate responsibility for management of the trial calendar).

In order to grant relief to the defendant, we would have to ignore the clear and reasonable implications from the trial court's statement in setting this trial for November 17, 1997. The trial court is in control of its own docket, and its statement that nothing was open for a 4-day trial until November 17 is sufficient without more to establish the court's docket would not accommodate the trial until November 17, 1997. The trial setting was within the 30-day period of time granted by K.S.A. 22-3402(3)(d). We conclude the defendant's statutory right to a speedy trial was not denied.

## Admission of Previous Preliminary Hearing and Trial Testimony

K.S.A. 1998 Supp. 60-460(c) allows the admission of testimony from a prior action or preliminary hearing where the trial court finds that the declarant is unavailable and the admission of the testimony would not violate the defendant's right to confront the witness. An unavailable witness includes one who is "absent from the place of hearing because the proponent of his or her statement does not know and with diligence has been unable to ascertain his or her whereabouts." K.S.A. 60-459(g)(5).

Before a witness may be declared unavailable and before the State may use the prior testimony of an absent witness, the State must show that the witness cannot be produced at trial by the exercise of due diligence and good faith. *State v. Cook*, 259 Kan. 370, 376, 913 P.2d 97 (1996). The trial court's determination that a witness is unavailable to testify will not be disturbed on appeal absent a showing of abuse of discretion. 259 Kan. at 375.

Over objection, the State was allowed to present testimony given by the sole witness of the crime, Viola Jackson, at the defendant's prior preliminary hearing and trial. In support of its motion to admit the previous testimony, the State presented only the assertions of counsel as to its efforts to locate Jackson. No actual evidence was presented.

In *State v. Brown*, 181 Kan. 375, 394-95, 312 P.2d 832 (1957), the Kansas Supreme Court stated the requirements necessary to establish that a witness is unavailable:

"Statements of counsel, however, are not evidence any more than are the opening statements of counsel in the presentation of a case before a jury or to the court. The foundation, which the law contemplates, is a foundation in evidence. It is proof that is required. Proof that due diligence has been exercised and that the testimony of the witness is not available. A proper foundation for the introduction of testimony of the character now under consideration required that the assistant county attorney and deputy sheriff, as well as the other necessary witnesses, testify under oath with respect to the facts relied upon as the foundation, giving the defendant full opportunity to cross examine. In addition, documentary evidence relied upon for the foundation should be properly introduced into evidence."

The holding in *Brown* was followed by this court in *State v. Mitchell*, 18 Kan. App. 2d 530, 535, 855 P.2d 989 (1993). Later, in *State v. Zamora*, 263 Kan. 340, 342-43, 949 P.2d 621 (1997), the Kansas Supreme Court noted that the State is required to present actual evidence of its efforts, citing *Mitchell*.

In this case, the State presented no evidence of its efforts to locate the absent witness. Instead, the State presented only the assertions of counsel regarding its best efforts to locate Jackson. The trial court abused its discretion by admitting the previous sworn statement of the absent witness because there was no foundation in evidence that the witness could not be produced at trial

by the exercise of due diligence and good faith. *State v. Cook*, 259 Kan. at 376.

The State argues that its investigator was present and could have testified and that the defendant's counsel did not object to the evidence presented but only to its sufficiency. This argument, however, ignores the fact that it is the burden of the State to actually present evidence in order to establish the unavailability of the witness. Assertions of counsel are not evidence and cannot serve as the basis for a determination that the witness is unavailable.

Because Jackson was the sole witness for the crimes that the defendant stands convicted of and because the State failed to produce evidence showing that she was unavailable, admission of her past testimony was error requiring a reversal of the defendant's convictions.

The defendant raises two additional errors, the resolution of which will have no effect upon this appeal. However, upon remand, the answer to the questions posed will provide guidance to the parties and the trial court.

The Admission of the Victim's Prior Statement to Police

The trial court admitted the absent witness' prior statement to the police and a videotape of her interview with the police under the provisions of K.S.A. 1998 Supp. 60-460(d)(3). This statute provides that the admission of prior statements are allowed where: (1) a declarant is unavailable as a witness; (2) the statements were made by the declarant at a time when the matter had been recently perceived by the declarant and while the declarant's recollection was clear; and (3) where the statements were made in good faith prior to the commencement of the action and with no incentive to falsify or distort. K.S.A. 1998 Supp. 60-460(d)(3).

We have already discussed problems in this trial associated with proving the unavailability of Jackson as a witness. In the event of retrial, we note that the provisions of K.S.A. 1998 Supp. 60-460(d)(3) require that prior statements of Jackson to the police were made in good faith and with no incentive to falsify or distort. However, the witness herself, in her trial testimony, not only recanted her statement to the police but testified she exaggerated

her earlier statements to the police because she was mad at the defendant. Under these circumstances, we are not convinced that the State satisfied the condition that the previous statement was made with no incentive to falsify or distort.

Moreover, we note that the hearsay exception provided for in K.S.A. 1998 Supp. 60-460(d)(3) is not a "firmly rooted hearsay exception." See *State v. Bailey*, 263 Kan. 685, 695, 952 P.2d 1289 (1998). Accordingly, since it is evidence admitted under 60-460(d)(3), it is not a firmly rooted hearsay exception and must be excluded absent a showing of a particularized guarantee of trustworthiness. *State v. Brat*, 250 Kan. 264, Syl. ¶ 1, 824 P.2d 983 (1992). Evidence possessing a particularized guarantee of trustworthiness must be at least as reliable as evidence admitted under a firmly rooted hearsay exception and must be so trustworthy that adversarial testing would add little to its reliability. 250 Kan. 264, Syl. ¶ 2.

In the absence of additional evidence, we conclude Jackson's statement to the police fails to demonstrate a particularized guarantee of trustworthiness, especially considering her subsequent version of the events. While Jackson's relationship with the defendant, a former boyfriend, obviously affected her later testimony, we may not ignore her trial testimony that she was under the influence of alcohol and angry at her former boyfriend so she exaggerated the events that occurred the evening of the crime.

## The Admission of Jackson's Unsworn Statement at Sentencing in the First Trial

The defendant also claims that once Jackson's prior testimony was admitted, it was error not to admit statements made by her at the prior sentencing hearing. The trial court refused to admit her statements, finding they did not fit within any recognized hearsay exception.

Jackson's statements during sentencing were unsworn and not subject to cross-examination by the State. However, the defendant argues that as a matter of due process and fairness, they should have been admitted into evidence, citing *State v. Brickhouse*, 20 Kan. App. 2d 495, 890 P.2d 353, *rev. denied* 257 Kan. 1093 (1995).

In *Brickhouse*, the Court of Appeals held that if an incriminating hearsay statement is admitted in an effort to convict the defendant, an exculpatory hearsay statement by the same declarant which tends to exonerate the defendant or which supports the theory of defense, may not be denied admission into evidence on the grounds that it is unreliable. 20 Kan. App. 2d at 503. The trial court in *Brickhouse* had admitted an inculpatory statement regarding the defendant from a codefendant under the hearsay conspiracy exception contained in K.S.A. 1993 Supp. 60-460(i)(2), but denied admission of a later exculpatory statement as unreliable. 20 Kan. App. 2d at 500-01.

In concluding it was error to exclude the later exculpatory statement, *Brickhouse* quoted from *Chambers v. Mississippi*, 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973), the proposition that " 'where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice.' " 20 Kan. App. 2d at 502-03. The Kansas Supreme Court considered *Brickhouse* in *State v. Hills*, 264 Kan. 437, 957 P.2d 496 (1998). In *Hills*, the court, relying partly on the rationale in *Brickhouse*, found that it was error to exclude exculpatory portions of a videotape statement made during custodial interrogation while admitting inculpatory portions of the statement under an exception to the hearsay rule. 264 Kan. at 448.

The exclusion of Jackson's later unsworn testimony before the court upon sentencing is similar to what occurred in *Brickhouse* and *Hills*. The trial court admitted the inculpatory testimony of Jackson given during the preliminary hearing and the first trial under the hearsay exception for prior testimony. However, the trial court excluded Jackson's exculpatory statements in sentencing. It is true that the first two instances were under oath while Jackson's statements at sentencing were not. However, it is also true that if Jackson had testified at the second trial, the defendant would have been able to cross-examine and elicit the statements she made at sentencing. Under the circumstances, fundamental fairness requires that the exculpatory hearsay statements made at sentencing be admitted if previous inculpatory statements during the preliminary hearing and trial were introduced.

Affirmed in part, reversed in part, and remanded.