NOT DESIGNATED FOR PUBLICATION

No. 113,138

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEONARD D. ELLSWORTH, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed March 25, 2016. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*: Defendant Leonard D. Ellsworth, Jr., contends the Sedgwick County District Court erred in classifying his presentencing guidelines burglary conviction as a person felony in scoring his criminal history and, therefore, imposed an illegal sentence on him in this case. Ellsworth's premise is correct, but his conclusion is faulty, since he has eight person felony convictions that were correctly scored to place him in the highest criminal history classification. Ellsworth's sentence was lawful, and he has incurred no legal prejudice. We affirm the district court's denial of his motion.

1

In 2010, Ellsworth pleaded guilty to one count of aggravated burglary, one count of felony theft, one count of battery of a law enforcement officer, and one count of obstructing legal process or official duty. As part of a plea agreement, the State joined in a recommendation that Ellsworth receive a downward durational departure in his sentence. The presentence investigation report showed Ellsworth had an A criminal history score based on nine prior person felony convictions, including a burglary conviction from 1984. The 1984 conviction predated enactment of the sentencing guidelines. Ellsworth did not dispute his criminal history score during the sentencing hearing. The district court granted the downward durational departure and sent Ellsworth to prison for 96 months.

In late 2014, Ellsworth filed a motion to correct an illegal sentence, as provided in K.S.A. 22-3504, based on this court's decision in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015), holding that burglary convictions under the criminal code predating the sentencing guidelines must be scored as nonperson felonies rather than person felonies for criminal history purposes given the statutory elements of the offense. The district court denied the motion. The district court ruled that *Dickey* was not a binding decision because the State's petition for review had been granted; that the decision would not, in any event, apply retroactively; and that Ellsworth could not raise the issue in a motion to correct an illegal sentence, since he did not object to his criminal history score during the sentencing hearing. The district court also pointed out that Ellsworth had convictions for eight other person felonies, so reclassifying the burglary conviction would not change his criminal history score or the resulting presumptive sentence. Ellsworth timely appealed the district court's denial of his motion.

In the meantime, the Kansas Supreme Court issued its decision in *Dickey* and held that burglary convictions, such as Ellsworth's 1984 conviction, had to be scored as nonperson felonies for criminal history purposes given the statutory elements of the

offense and the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Dickey*, 301 Kan. at 1021. We need not further detail the rationale behind *Dickey.* Earlier this year, this court held that *Dickey* should be applied retroactively to motions defendants file to correct illegal sentences. *State v. Martin*, 52 Kan. App. 2d ___, Syl. ¶¶ 5, 7-8, ___ P.3d ___ (No. 113,189 filed March 4, 2015).

The Kansas Supreme Court's decision in *Dickey* and this court's decision in *Martin* effectively undercut the district court's reasons for refusing to treat Ellsworth's 1984 burglary conviction as a nonperson felony for criminal history purposes. Those decisions, likewise, dispose of the State's arguments supporting that aspect of the district court's decision. In short, the district court erred in scoring Ellsworth's 1984 burglary conviction as a person felony.

What remains, however, is the matter of remedy. A sentence is illegal for purposes of K.S.A. 22-3504(1) if it: (1) is imposed by a court without jurisdiction; (2) fails to conform to the sentencing statute, either in character or term of punishment; or (3) is ambiguous as to the time and manner required for serving the punishment. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). Assessed by those criteria, the district court's erroneous treatment of the 1984 burglary conviction did not result in an illegal sentence. The classification of the conviction did not affect the district court's jurisdiction. Ellsworth's sentence conformed to the governing statutes in that the term of imprisonment was authorized for a person with a criminal history in category A. And, of course, Ellsworth fell in that category regardless of how the burglary conviction was treated. There was nothing ambiguous about the duration of the sentence or how Ellsworth had to serve the sentence. Accordingly, despite the district court's error, Ellsworth received a lawful sentence. The sentence would have been the same had the district court scored the 1984 burglary conviction as a nonperson felony. That's plain

3

from the district court's alternative ground for denying the motion—Ellsworth had eight person felonies even if the 1984 conviction had been considered a nonperson felony.

Ellsworth has shown no legal harm or prejudice. He is, therefore, entitled to no substantive remedy. See *State v. Lakey*, 22 Kan. App. 2d 585, 586-87, 920 P.2d 470 (1996) (no prejudice to defendant and no legal basis for remand when district court correctly scores five convictions as person felonies and declines to score remaining convictions shown in criminal history). Remanding for resentencing would be an empty exercise, and the law does not require empty exercises. See K.S.A. 60-2105 (technical errors that do not affect party's "substantial rights" may be disregarded on appeal); *Lakey*, 22 Kan. App. 2d at 586-87; see also *State v. Garcia-Barron*, 50 Kan. App. 2d 500, 507, 329 P.3d 1247 (2014) (district court may be affirmed if it reaches correct result for the wrong reason).

Affirmed.