UNITED STATES of America,
Plaintiff-Appellee,

v.

Donnie Ray BUSH, Defendant-Appellant.

No. 81–5056.

United States Court of Appeals,
Sixth Circuit.

Argued May 17, 1982.

Decided June 17, 1982.

Steven R. Jaeger, Covington, Ky. (Court-appointed), for defendant-appellant.

Patrick H. Molloy, U. S. Atty., Barbara B. Edelman, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before EDWARDS, Chief Judge, CONTIE, Circuit Judge, and HORTON,* District Judge.

PER CURIAM.

Appellant Donnie Ray Bush was tried and convicted for transporting a motor vehicle across state lines in violation of 18 U.S.C. § 2312 (1976). The trial from which this appeal is taken was the second such trial, the first having ended with a hung jury.

Appellant's first stated issue on appeal is: The trial court erred in permitting the government to read the prior testimony of witness Glenda Sue Griffith at the defendant-appellant's retrial.

■ Our examination of this record revealed that the government made an effective and ample showing of efforts to procure said witness before seeking to read her prior testimony at the second trial. We agree with the District Judge that Rule 104 of the Federal Rules of Evidence was applicable to the situation confronting him.

■ Appellant's second stated issue is: The trial court erred in permitting the witness Alma Cole to refuse to answer questions at the retrial that she freely answered at the first trial.

The record shows that Alma Cole was with defendant-appellant at critical times pertaining to his acquisition of the van. The record also demonstrates that she testified to certain relevant evidence, albeit re-

---

* Honorable Odell Horton, United States District Judge for the Western District of Tennessee,    ° sitting by designation.

fusing to answer questions that pertained to his claim that he had purchased the van.

The District Judge correctly, we believe, treated her refusal to answer as her claim of Fifth Amendment privilege and gave the jury a cautionary instruction that her silence should not create an adverse inference as to defendant Bush.

We believe that both of the trial judge's rulings which are the subject of this appeal were within his discretion under the facts of this case. The judgment of conviction is affirmed.