IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 106,368

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS EDWARD PAGE,
*Appellant*.

SYLLABUS BY THE COURT

1.

To assess whether a trial error occurred, an appellate court applies the statutory law on evidence as it was at the time of trial.

2.

The sufficiency of proof to determine the unavailability of a witness is a question within a trial court's discretion. A trial court abuses its discretion when the act complained of is: (a) arbitrary, fanciful, or unreasonable; (b) based on an error of law; or (c) based on an error of fact.

3.

Under K.S.A. 60-402, the statutory rules of evidence are designed to have application in every proceeding conducted by or under the supervision of a court in which evidence is produced.

4.

A defendant may not object to the admission of evidence on one ground at trial and then assert a different ground for objection on appeal.

Appeal from Bourbon District Court; MARK A. WARD, judge. Opinion filed December 31, 2015. Convictions affirmed, and sentence vacated in part.

*Janine Cox*, deputy appellate defender, argued the cause and was on the brief for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, argued the cause, and *Terri L. Johnson*, county attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Douglas Page appeals his convictions stemming from an incident in which Page and a 15-year-old neighbor sexually assaulted Page's 3-year-old son. Page argues: (1) the district court erred admitting evidence of prior sexual abuse that Page inflicted on a relative; (2) there was insufficient evidence to sustain his aggravated indecent liberties convictions; (3) the court erred by admitting a SANE/SART nurse's preliminary hearing testimony after finding she was unavailable as a trial witness; (4) the court erred by admitting over 200 pornographic images that Page's minor neighbor testified he received from Page; and (5) cumulative error. He also challenges the lifetime postrelease supervision component to his hard 25 life sentences.

We affirm the convictions but vacate the lifetime postrelease supervision. The State correctly concedes the district court could not impose lifetime postrelease supervision in conjunction with Page's off-grid sentences. See *State v. Williams*, 298 Kan. 1075, 1077, 319 P.3d 528 (2014) (sentencing court has no authority to order lifetime

2

postrelease supervision in conjunction with off-grid indeterminate life sentence); *State v. Cash*, 293 Kan. 326, 330-31, 263 P.3d 786 (2011) (same).

FACTUAL AND PROCEDURAL BACKGROUND

These convictions stem from an incident in September 2008, involving Page, Page's 3-year-old son D.T., and Page's 15-year-old downstairs neighbor, J.S. A suspicion of child abuse was sparked when Page delivered D.T. to daycare with numerous bruises on his head and neck. Page said he caused the bruising by trying to hold D.T.'s face while D.T. had a seizure. A later examination revealed multiple "fresh" bruises to the child's face, chin, arms, back, and buttocks. D.T.'s mother subsequently learned J.S. had been overheard talking about how he and Page had sodomized D.T. Two witnesses claimed J.S. told them about a sexual episode involving Page, J.S., and D.T.

The State charged Page with abuse of a child; two counts of aggravated criminal sodomy or, in the alternative, two counts of aggravated indecent liberties with a child; indecent liberties with a child; and promoting obscenity to a minor. In one of the aggravated criminal sodomy/aggravated indecent liberties counts, Page was charged as an aider and abettor. After hearing the evidence, a jury convicted Page of abuse of a child, aggravated indecent liberties with a child; aiding and abetting aggravated indecent liberties with a child; and promoting obscenity to a minor. Additional facts are provided for each issue discussed.

ADMISSIBILITY OF PRIOR SEXUAL ABUSE TESTIMONY

At trial, the State presented testimony from Page's 26-year-old cousin that Page sexually abused her as a child when she lived with Page's family. The cousin said this

3

abuse began when she was about 5 to 7 years old and continued until she was 13. She said Page fondled her and engaged in oral sex.

Before trial, Page objected to this evidence as irrelevant. The State argued it showed intent, motive, and propensity. The district court agreed and admitted the evidence for those purposes. Later, when the court issued its jury instructions, it stated that the jury could consider the evidence only for purposes of demonstrating intent and motive. There is no explanation in the record for the court excluding propensity as a basis for the jury's consideration of the evidence since it had previously admitted the evidence for that purpose.

On appeal, Page argues the district court erred admitting his female cousin's testimony about past sexual abuse. He contends: (1) the version of K.S.A. 60-455 applicable when the crimes were committed should govern, rather than the statute's amended version in effect at the time of trial; and (2) the evidence was not relevant to prove intent and motive, as set out in a limiting instruction. Notably, Page does not claim the limiting instruction was erroneous, nor does he address whether the testimony was properly admissible to prove propensity to commit the charged offenses as the district court ruled. Presumably, these failures are tied to Page's basic premise that the version of K.S.A. 60-455 applicable when the crimes were committed should govern.

*Standard of Review*

A trial court's decision to admit or exclude evidence is assessed using a three-step standard of review. First, the court assesses whether the evidence is relevant. Relevant evidence is evidence that has "'any tendency in reason to prove any material fact.'" *State v. Coones*, 301 Kan. 64, 78, 339 P.3d 375 (2014) (quoting K.S.A. 60-401[b]). Relevance has two components: materiality, which is reviewed de novo; and probativity, which is

4

reviewed for abuse of discretion. 301 Kan. at 78. "Second, the court reviews de novo what rules of evidence or other legal principles apply. Finally, the court applies the appropriate evidentiary rule or principle. Review of the district court's application of evidentiary rules depends on the rule applied. [Citation omitted.]" 301 Kan. at 78.

*Discussion*

At the time of trial, K.S.A. 2010 Supp. 60-455 read:

"(d) Except as provided in K.S.A. 60-445, and amendments thereto, in a criminal action in which the defendant is accused of a sex offense under articles 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated, and amendments thereto, evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative."

This language permits the use of evidence of prior sexual misconduct to prove propensity in qualifying sex crime cases. See *State v. Prine*, 297 Kan. 460, 476, 303 P.3d 662 (2013) (*Prine II*). Under this version of the statute, the cousin's testimony was admissible propensity evidence. Accordingly, the district court did not err by admitting the cousin's testimony—if this is the version of the statute applicable to Page's crimes.

Page argues the version of K.S.A. 60-455 prior to the 2009 amendments controls admissibility. And he is correct that under that prior version propensity was not listed as a basis for admission of such testimony. See L. 2009, ch. 103, § 12. He is also correct that this testimony was not relevant to demonstrate intent and motive. See *State v. Prine*, 287 Kan. 713, 727-28, 200 P.3d 1 (2009) (prior sex crime evidence inadmissible to prove intent); *State v. Wells*, 289 Kan. 1219, 1230, 221 P.3d 561 (2009) (error admitting evidence of defendant's previous attempt to remove child victim's underwear to show motive).

5

But this court has already held that the evidentiary statute in existence at the time of trial controls. See *State v. Hart*, 297 Kan. 494, 510, 301 P.3d 1279 (2013) (appellate court applies the statutory law on evidence as it was at the time of trial); *Prine II*, 297 Kan. at 480-81 (error admitting prior sex crime evidence to prove intent, absence of mistake and plan in trial governed by prior version of 60-455; but same error in second trial, which was governed by current version, harmless because evidence was admissible as propensity evidence in third trial). Page's argument to the contrary is without merit.

Absent the application of the pre-2009 version of K.S.A. 60-455, Page otherwise ignores whether the testimony was relevant for propensity purposes, and the district court's failure to list propensity in the limiting instruction to the jury does not impact the evidentiary question presented. We conclude Page waived both arguments. See *State v. Reed*, 300 Kan. 494, 505, 332 P.3d 172 (2014) (An issue not briefed is deemed waived and abandoned.). We hold the district court did not err in admitting this testimony as propensity evidence.

SUFFICIENCY OF THE EVIDENCE

Page next argues the evidence was insufficient to sustain his aggravated indecent liberties convictions because J.S.'s testimony was not credible.

*Standard of Review*

When examining the sufficiency of evidence, the question is whether, after reviewing all the evidence in the light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Reed*, 300 Kan. at 499. The appellate court does not reweigh the

6

evidence, assess the credibility of witnesses, or resolve conflicting evidence. 300 Kan. at 499.

*Discussion*

J.S. testified that he went to Page's apartment to charge his MP3 player using Page's computer. At some point, he said, Page and D.T. went to the bathroom. J.S. said he went to the bathroom to talk to Page and saw Page with his pants down holding D.T. with one hand on the child's back while making D.T. lean over. J.S. said Page asked him to hold D.T.'s mouth, and J.S. complied. Page rubbed his penis between D.T.'s buttocks. Then, Page held D.T.'s mouth while J.S. rubbed his penis on D.T.'s buttocks until J.S. ejaculated.

J.S. also testified that Page put approximately 400 pornographic images on his MP3 device. J.S. said this figure was a "random guess," that there was no pornography on the player before he gave it to Page, and that he had put no additional pornography on it afterwards. Over Page's relevance objection, the State introduced 212 pornographic images retrieved from the device. Page's attorney cross-examined J.S. about inconsistencies in his accounts about why he went to the bathroom where the abuse occurred; whether Page ejaculated during the incident; whether J.S. had worked out a deal in exchange for his testimony; and whether he ever discussed the incident with those who claimed to have been present during such discussion.

On appeal, Page does not identify any specific element or elements he believes the State failed to prove. Instead, he focuses on the testimony by J.S. and his credibility.

The uncorroborated testimony of an accomplice is sufficient to sustain a conviction. See *State v. Lopez*, 299 Kan. 324, 331, 323 P.3d 1260 (2014). In *Lopez*, this

court rejected a sufficiency of the evidence attack based on the credibility of an accomplice, whose testimony was the only evidence identifying the defendant as a perpetrator of the crime. The court refused to second-guess the jury by reassessing witness credibility, resolving conflicting testimony, or reweighing evidence. 299 Kan. at 331. And we will not make credibility determinations here either.

Taken together, the State presented sufficient evidence at trial as to each element of the crime of aggravated indecent liberties with a child as set out in K.S.A. 21-3504(a)(3)(A) and K.S.A. 21-3205(a).

## ADMISSION OF NURSE'S PRETRIAL TESTIMONY

Page next argues the district court erred finding a witness was unavailable to testify at trial and admitting her preliminary hearing testimony. The focus is on the proof the State advanced to demonstrate the witness was unable to testify.

*Additional Factual Background*

The State had planned on having Joyce Holland, the SANE/SART nurse who examined D.T. about 2 weeks after the abuse, testify at trial. She had found scarring that was about 5 days to a couple of weeks old around D.T.'s anus, and she testified at the preliminary hearing that this evidenced penetration. But on the second day of trial, the State advised the district court that Holland had been hospitalized and was unavailable to testify at trial.

The State proceeded to make a showing that Holland's preliminary hearing testimony could be offered because she was unavailable. See K.S.A. 60-460(c)(2)(B) (hearsay exception for unavailable witness who has testified at preliminary hearing);

8

K.S.A. 60-459(g) (defining witness unavailability). To support the necessary findings, the prosecutor was sworn and testified that the State had subpoenaed Holland but that Holland's sister called the day before and said Holland was in the hospital after having a slight stroke. The prosecutor further stated that Holland confirmed this by telephone with the prosecutor, was on medication, and would get a doctor's note as to whether she could testify. The prosecutor said an assistant had retrieved the note from Holland.

The State offered into evidence the note, which is handwritten on a prescription pad, dated October 26, 2010, and states: "Please excuse from trial duty due to hospitalization. Thru 11/2/10." Handwritten in a different ink are the words "Hypertension/stroke" next to an illegible signature. A machine-printed, adhesive label displaying Holland's name, admission date, date of birth, age, and sex, followed by "Sullivan, William J DO" is affixed at the top.

Defense counsel objected that this testimony and evidence was hearsay. The district court overruled the objections and found the State had attempted in good faith and through the exercise of due diligence to obtain Holland's presence at trial. The court admitted the doctor's note and found Holland unavailable under K.S.A. 60-459(g)(3). The court then allowed the nurse's preliminary hearing testimony to be read to the jury, noting she had been subject to cross-examination at that hearing.

Page argues the doctor's note was an insufficient basis for finding Holland unavailable because it was unsworn, inadmissible hearsay. He also implies his opportunity to cross-examine the nurse at the preliminary hearing failed to satisfy the Confrontation Clause.

9

*Standard of Review*

Generally, whether proof regarding a witness' unavailability is sufficient is a question within the trial court's discretion. *State v. Mims*, 222 Kan. 335, 338, 564 P.2d 531 (1977). A trial court abuses its discretion when the act complained of "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Morrison*, 302 Kan. 804, 359 P.3d 60, 66 (2015). Page's argument focuses on an alleged error of law, *i.e.*, whether the doctor's note was inadmissible hearsay. Appellate courts review de novo whether a district court applied the correct legal standards when ruling on the admission or exclusion of evidence. *Boldridge v. State*, 289 Kan. 618, 633, 215 P.3d 585 (2009).

*Discussion*

Two statutes are relevant to determining whether a witness is unavailable. K.S.A. 60-460(c) allows admission of prior testimony from a preliminary hearing in the same criminal matter if the trial judge finds the declarant unavailable and admission of the testimony does not violate the adverse party's right to confront the witness. K.S.A. 60-459(g) defines "unavailable as a witness" to mean situations when "the witness is . . . unable to be present or to testify at the hearing because of death or then existing physical or mental illness . . . ." Here, we must decide what types of evidence can be used to establish a witness is unavailable.

We note two Kansas cases rely on unsworn communications from doctors as proof of unavailability due to illness, although neither case addresses any evidentiary objections to the proof of unavailability. See *State v. Ruebke*, 240 Kan. 493, 517-18, 731 P.2d 842 (1987) (letter from doctor that witness suffered from severe burns and testifying would not be in witness' best physical or mental well-being supported finding witness was

10

unavailable); *State v. Steward*, 219 Kan. 256, 547 P.2d 773 (1976) (assistant district attorney and investigator testified doctor told them witness was in late stages of pregnancy with high blood pressure and other complications and could not travel). Since this is an issue of first impression, we must examine the relevant statutes.

K.S.A. 60-402 states that the Kansas evidentiary rules apply "in every proceeding, both criminal and civil, conducted by or under the supervision of a court, in which evidence is produced," "[e]xcept to the extent to which they may be relaxed by other procedural rule or statute applicable to the specific situation . . . ." See also *State v. Creamer*, 234 Kan. 594, 599, 676 P.2d 59 (1984) (Since enactment of K.S.A. 60-402, "this court has stated that the statutory rules of evidence are designed to have application in *every* proceeding conducted by or under the supervision of a court in which evidence is produced.").

K.S.A. 60-408 is a more specific statute, and it applies in this situation. It provides in pertinent part: "When . . . the admissibility of evidence . . . is stated in [the Kansas rules of evidence] to be subject to a condition, and the fulfillment of the condition is in issue, the issue is to be determined by the judge, and he or she shall indicate to the parties which one has the burden of producing *evidence* and the burden of proof on such issue . . . ." (Emphasis added.) Notably, this statute is silent as to whether the evidence produced must satisfy the Kansas rules of evidence.

In contrast, the Federal Rules of Evidence exempt from formal evidentiary requirements the trial courts' determinations of preliminary fact questions governing admissibility such as whether a witness is unavailable. Fed. R. Evid. 104(a); Fed. R. Evid. 1101(d)(1); see also *United States v. Bush*, 680 F.2d 468 (6th Cir. 1982) (holding Rule 104 of the Federal Rules of Evidence was applicable to district court's determination of whether witness was unavailable). Kansas has not adopted the federal rule.

11

K.S.A. 60-402 establishes a general requirement for application of Kansas evidentiary rules in all proceedings unless exempted elsewhere. And, unlike the federal rule, K.S.A. 60-408 does not carve an exception in circumstances like this. We hold that the evidentiary rules must apply. We consider next whether the doctor's note was hearsay evidence.

"'Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible'" unless one or more statutory exceptions apply. K.S.A. 60-460; *State v. Brown*, 258 Kan. 374, 381, 904 P.2d 985 (1995). To prove Holland was unavailable, the State introduced: (1) the prosecutor's testimony about her telephone conversation with Holland in which Holland said she had a stroke, was hospitalized and being medicated, and was unable to leave the hospital; and (2) the doctor's note that requested Holland be excused from trial duty due to "hypertension/stroke." It is not disputed that Holland's representations and the note were statements made "other than by a witness while testifying at the hearing." Nor is it disputed the testimony and note were offered solely as evidence of the truth asserted therein.

The State did not articulate any applicable exception to the hearsay rule at trial and does not do so on appeal. This makes it straightforward to conclude that the testimony and doctor's note were not admissible. Accordingly, the trial court abused its discretion in its application of the rules of evidence when it relied on inadmissible hearsay evidence about Holland's illness to find she was unavailable. We must consider next whether this error was harmless.

Although neither side argues whether we should consider this an evidentiary error or a constitutional one, we will apply the higher standard without deciding the question.

12

A constitutional error can be declared harmless only if the court is persuaded beyond a reasonable doubt that the error did not affect the trial's outcome in light of the entire record, *i.e.*, there is no reasonable possibility the error affected the verdict. The burden of demonstrating harmlessness in this case falls on the State. *State v. Bennington*, 293 Kan. 503, 524, 264 P.3d 440 (2011). In this instance, we have no hesitancy in holding this error was harmless.

The only subject of the nurse's testimony was whether D.T. had injuries consistent with sodomy, and Page was charged in the alternative with criminal sodomy and aggravated indecent liberties. The jury convicted Page of aggravated indecent liberties, not sodomy. This indicates the jury did not infer from the nurse's preliminary hearing testimony that sodomy occurred. And Holland's testimony was not the only evidence of aggravated indecent liberties. As discussed above, the jury properly had before it J.S.'s account of the abuse and the evidence of multiple bruises on D.T.'s head and body consistent with J.S.'s testimony. Given J.S.'s eyewitness testimony in which he implicated himself in the criminal conduct, the physical injuries to D.T., and the jury's disregard of the nurse's sodomy evidence, there is no reasonable possibility the nurse's testimony affected the jury's verdict.

Since we have held the error was harmless under the constitutional standard, this holding makes it unnecessary to address Page's possible Confrontation Clause claim that he did not have an adequate prior opportunity to cross-examine Holland.

ADMISSION OF PORNOGRAPHIC PHOTOGRAPHS

Next, Page argues the district court erred by admitting the 212 pornographic images retrieved from J.S.'s MP3 player. Page's trial counsel objected to the photographs

13

on the grounds of relevance but contends on appeal they were inadmissible because they were unduly prejudicial.

"A defendant may not object to the admission of evidence on one ground at trial and then assert a different ground for objection on appeal." *State v. Huffmier*, 297 Kan. 306, 319, 301 P.3d 669 (2013); see also *State v. Mireles*, 297 Kan. 339, 356, 301 P.3d 677 (2013) (no issue preservation as to whether photographs of victim's wounds were cumulative to a specific exhibit when defendant argued at trial the photographs were duplicative of different specific exhibits). Accordingly, this issue is not properly preserved for our consideration on appeal.

CUMULATIVE ERROR

The cumulative error doctrine "'does not apply if no error or only one error supports reversal.'" *State v. Williams*, 299 Kan. 1039, 329 P.3d 420 (2014) (quoting *State v. Dixon*, 289 Kan. 46, 71, 209 P.3d 675 [2009]). In this case, we determined there was only the evidentiary error regarding the nurse's testimony, so cumulative error is inapplicable.

Finally, and as an aside, the court acknowledges with its gratitude the additional work this appeal caused counsel and the trial court when portions of the trial transcript had to be reconstructed due to problems with the original transcription. This caused significant additional work for counsel. It also resulted in a significant delay in the parties' presentation of their arguments and this court's consideration of the issues advanced.

Page's convictions are affirmed, and his lifetime postrelease supervision portion of the off-grid sentences is vacated.