NOT DESIGNATED FOR PUBLICATION

No. 114,961

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW E. FIELDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL L. KLAPPER, judge. Opinion filed July 21, 2107. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*:  Matthew E. Fields appeals his convictions for burglary and theft. On appeal, Fields contends that the district court improperly found a witness to be unavailable to testify at trial. In addition, Fields contends that the district court erred by admitting a photograph of the victim's credit or debit card. Finally, Fields contends that he should be entitled to a new trial due to cumulative error. Based on our review of the record on appeal, however, we do not find that the district court committed error in this case. Moreover, because we do not find error, there can be no cumulative error. Thus, we affirm.

1

In the early morning hours of September 10, 2014, Robert Logan observed someone getting into his neighbor's car in Kansas City, Kansas. A street light about 25 to 30 feet away illuminated the area, and Logan could tell that the person was not his neighbor. Logan called 911 and reported the suspicious action. Before officers arrived, Logan saw a person he believed to be a man removing objects from the trunk of the car and walking away.

Within a few minutes, police officers arrived at the scene. One of the officers, James Bush, observed a man who matched the description of the suspect given by Logan. When Officer Bush initially saw the man, he was carrying a tan bag. When Officer Bush attempted to make contact with the man, he began to run away. Another officer, Glenn Carter, arrived on the scene and was able to apprehend the suspect. Officer Carter found the tan bag the suspect had been carrying underneath a car located about 25 feet away from where he caught the suspect.

The officers subsequently discovered that Fields was the person they had arrested. In addition, officers interviewed the victim, Mayro Guerra-Soliz, who described the items taken from his car. Officers located two speakers and two boxes of tools near the scene of the burglary, and Guerra-Soliz identified the property as belonging to him.

On September 11, 2014, the State charged Fields with one count of burglary and one count of theft of property of less than $1,000 in value. The district court held a preliminary hearing on November 20, 2014. At the hearing, the State offered the testimony of several witnesses, including Guerra-Soliz. With the aid of an interpreter, Guerra-Soliz testified that his property was taken, without his permission, and later returned by police. Moreover, Fields' attorney cross-examined Guerra-Soliz at the

preliminary hearing. At the end of the hearing, the district court concluded that the State had demonstrated probable cause.

On March 18, 2015, Fields' counsel met with an officer to inspect the tan bag. During the inspection, Fields' counsel and the officer found two previously undiscovered receipts inside the bag. One of the receipts included Guerra-Soliz' name and the other receipt included the last four digits of a credit card used to pay for goods at a Quik Trip. (We note that Fields' brief refers to the card as a debit card.) On March 27, 2015, Fields moved to exclude the newly discovered evidence.

The district court denied the motion. Prior to trial, the State moved to have Guerra-Soliz declared as an unavailable witness so that the State could read his preliminary hearing testimony to the jury. In support of its position, the State offered the testimony of Roger Villanueva, an investigator for the Wyandotte County District Attorney. Villanueva testified about his various attempts to locate Guerra-Soliz so that he could testify at trial.

Villanueva testified that he spoke with Guerra-Soliz on the phone on May 6, 2015, about a different case. During that conversation, Guerra-Soliz indicated that he was not going to cooperate further and refused to testify. Following his conversation with Guerra-Soliz, Villanueva attempted to reach Guerra-Soliz twice prior to the trial of this case to no avail. According to Villanueva, he reviewed public records in an attempt to locate Guerra-Soliz but was not successful. Further, he testified that he attempted to reach Guerra-Soliz' employer on three occasions without success. Finally, Villanueva testified that two detectives had also attempted to locate Guerra-Soliz but had failed.

After hearing Villanueva's testimony and the arguments of counsel, the district court found that the State had made a good-faith effort to locate Guerra-Soliz. In turn, the district court concluded that Guerra-Soliz was unavailable as a witness pursuant to

3

K.S.A. 60-459. Accordingly, the district court determined that the State could read his preliminary hearing testimony to the jury at trial.

At trial, the State offered the testimony of nine witnesses, including Logan, Officer Bush, Officer Carter, and several other officers. The State next read a portion of Guerra-Soliz' preliminary hearing testimony into the record. The State also introduced a map depicting where the events of the crime took place. Regarding the tan bag that had been located near the place where police caught Fields, a detective testified about the receipts found inside the bag. In addition, the State admitted a picture of Guerra-Soliz' credit card, which had the same last four digits as the partial credit card number on one of the receipts, into evidence over Fields' objection.

Fields presented no witnesses, and the case was submitted to the jury. After deliberation, the jury convicted Fields on both counts. Following the trial, Fields filed a motion for a new trial and a motion for a downward durational and dispositional departure. The district court denied both motions and sentenced Fields to 14 months' imprisonment on the burglary conviction, with 12 months of postrelease supervision, and a concurrent sentence of 12 months for the theft conviction. Thereafter, Fields appealed to this court.

ANALYSIS

*Unavailability of Guerra-Soliz to Testify*

On appeal, Fields contends that the district court abused its discretion in finding Guerra-Soliz to be unavailable to testify at trial. A district court abuses its discretion when the act complained of "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Morrison*, 302 Kan. 804, 812, 359 P.3d 60 (2015). Although we review the district court's decision regarding the

4

unavailability of a witness to testify under an abuse of discretion standard, our review of whether the district court applied the correct legal standards when ruling on the admission or exclusion of evidence is unlimited. *Boldridge v. State*, 289 Kan. 618, 633, 215 P.3d 585 (2009).

Under the Sixth Amendment to the United States Constitution, testimonial statements of witnesses who are unavailable to testify at trial may be admitted into evidence when a witness is found to be unavailable and where the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). In Kansas, K.S.A. 60-459(g) provides that a witness is unavailable when he or she is found to be "absent from the place of hearing because the proponent of his or her statement does not know and with diligence has been unable to ascertain his or her whereabouts." Moreover, K.S.A. 2016 Supp. 60-460(c) allows admission of prior testimony from a preliminary hearing in the same criminal matter if the district court finds the witness to be unavailable and admission of the testimony does not violate the adverse party's right to confront the witness.

"Before a witness may be declared unavailable, the State must present 'actual evidence of its efforts' demonstrating [to the district court] the exercise of due diligence and good faith to produce the witness at trial." *State v. Larraco*, 32 Kan. App. 2d 996, 1006, 93 P.3d 725 (2004) (citing *State v. Rodriguez-Garzia*, 27 Kan. App. 2d 439, 442, 8 P.3d 3 [1999]). In determining whether the State has exercised due diligence, a district court must look to the totality of the facts and circumstances in the particular case. *State v. Zamora*, 263 Kan. 340, 342, 949 P.2d 621 (1997). The State need not exhaust all possible means of finding witnesses. Rather, the measure of that effort is one of reasonable diligence. See *State v. Alderdice*, 221 Kan. 684, 687, 561 P.2d 845 (1977); *State v. Brown*, No. 113,213, 2016 WL 6910080, at *2 (Kan. App. 2016) (unpublished opinion), *rev. denied* June 20, 2017.

Fields argues that it was inappropriate for the district court to rely upon inadmissible hearsay evidence as part of the basis for its ruling that Guerra-Soliz was unavailable to testify at trial. In particular, he objects to the district court allowing the district attorney's investigator to testify that detectives had also failed to make contact with Guerra-Soliz. Although we agree that the testimony about statements made by the detectives was likely hearsay, we find the admission of the hearsay evidence to be harmless under the circumstances presented.

The Kansas Supreme Court has found the Kansas rules of evidence to be applicable in a hearing to determine the unavailability of a witness. See *State v. Page*, 303 Kan. 548, 555, 363 P.3d 391 (2015). K.S.A. 2016 Supp. 60-460 provides that "[e]vidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence" and is not admissible unless one or more statutory exceptions apply. See *Page*, 303 Kan. at 556. However, our Supreme Court concluded that the admission of hearsay evidence in a hearing to determine whether a witness is unavailable may be considered to be harmless under certain circumstances. In particular, an error by a district court is considered harmless if the State can demonstrate beyond a reasonable doubt that the error did not affect the trial's outcome in light of the entire record. 303 Kan. at 557 (citing *State v. Bennington*, 293 Kan. 503, 524, 264 P.3d 440 [2011]).

Here, it appears that the investigator's testimony regarding what the detectives told him constitutes hearsay because it was offered for the truth of the matter asserted—that others had also unsuccessfully attempted to locate Guerra-Soliz prior to trial. However, even without the admission of the testimony about what the detectives had done, we find that there was sufficient evidence presented by the district attorney's investigator upon which a reasonable person could conclude that the State had exercised due diligence and good faith to produce Guerra-Soliz to testify at trial.

6

Considering the totality of the circumstances—excluding the inadmissible hearsay—we note that the district attorney's investigator testified under oath that he had determined Guerra-Soliz' likely address after an extensive search of public records. The investigator also testified that he had attempted to reach Guerra-Soliz at this address twice prior to trial. In addition, the investigator testified that he had reached out to Guerra-Soliz' employer on several occasions—both by phone and at his place of business—to no avail. While arguably the State could have done more to locate Guerra-Soliz, we find that the testimony regarding the steps taken by the investigator to locate Guerra-Soliz was sufficient to meet the requirements of K.S.A. 60-459(g)(5).

Moreover, we also find the admission of the hearsay evidence to be harmless under a constitutional analysis. As indicated above, a prior testimonial statement of a witness who is found to be unavailable to testify may be admitted into evidence at trial where the adverse party had the opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 59. In the present case, Fields not only had the opportunity to cross-examine Guerra-Soliz at the preliminary hearing, he took advantage of this opportunity. Finally, in light of the other evidence presented at trial, we find no possibility that the error in the admission of the hearsay evidence at the hearing to determine Guerra-Soliz' availability affected the jury's verdict. Thus, we find that the error was harmless.

*Admission of Photograph of Credit Card*

Fields also contends that the district court erred by admitting a photograph of Guerra-Soliz' credit card into evidence. Specifically, he contends that the State failed to lay a sufficient foundation for admission of the photograph. We review a district court's decision regarding the adequacy of foundation to admit evidence under an abuse of discretion standard of review. *State v. Ernesti*, 291 Kan. 54, Syl. ¶ 10, 239 P.3d 40 (2010). As stated above, a district court abuses its discretion when the act complained of

7

"(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *Morrison*, 302 Kan. at 812.

To begin, Fields made a contemporaneous objection on foundation and hearsay grounds, so there is no K.S.A. 60-404 issue as to those objections. The amount of proof required for an adequate foundation varies depending on the purpose for introducing the evidence. *State v. Murdock*, 236 Kan. 146, 152, 689 P.2d 814 (1984). Any witness with personal knowledge can lay a foundation sufficient to admit a photograph. See *State v. Diaz*, 232 Kan. 307, 315-16, 654 P.2d 425 (1982).

Here, the State offered the photograph of the credit card into evidence to connect one found in the tan bag officers saw Fields carrying with Guerra-Soliz. Detective Violeta Hrgota laid the foundation for the admission of the photograph. She testified that she received the credit card from Guerra-Soliz on March 24, 2015. Detective Hrgota also testified that she was present when another officer took the photograph of the credit card on that day. According to Detective Hrgota, the photograph was a true and accurate representation of the credit card that Guerra-Soliz provided to her. Thus, we conclude that the State laid a proper foundation for the admission of the photograph.

Fields also argues that the photograph of the credit card was not relevant. Although Fields objected on the ground of lack of foundation at trial, it does not appear that he objected to the relevance of the credit card below. K.S.A. 60-404 states that "[a] verdict or finding shall not be set aside . . . by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." A party may not object to admission of evidence on one ground at trial and then assert a different ground for objection on appeal. *Page*, 303 Kan. at 558. Accordingly, we find that he is barred from pursuing this argument on appeal.

8

Nevertheless, even if we were to consider this argument on the merits, we find it to be unpersuasive. As a general rule, all relevant evidence is admissible. K.S.A. 60-407(f). According to K.S.A. 60-401(b), relevant evidence is that having "any tendency in reason to prove any material fact." Moreover, evidence is material when the fact it supports is in dispute and is significant under the substantive law of the case. *State v. McCormick*, 305 Kan. 43, 47, 378 P.3d 543 (2016). "'Evidence is probative if it furnishes, establishes, or contributes toward proof.'" *McCormick*, 305 Kan. at 47.

Although not dispositive of the question, a photograph showing that Guerra-Soliz had a credit card with the same last four digits as the one on the receipt found in the tan bag that officers saw Fields carrying shortly after the burglary could assist the jury in resolving the issue of who owned the bag. During closing arguments, Fields implied the credit card and the receipt connection was coincidental, and that there was no physical evidence, entered at trial, linking Guerra-Soliz to the bag. Likewise, the photograph is probative because it contributes toward the State's burden of proof on the question of whether Fields possessed stolen property taken from Guerra-Soliz' car. Therefore, we conclude that the district court did not err in admitting the photograph of the credit card into evidence.

*Cumulative Error*

Finally, Fields contends that the district court committed cumulative error that denied him the right to a fair trial. When a party argues that the cumulative impact of alleged errors is so great that they result in an unfair trial, we consider all of the errors found even if individually such errors would be considered harmless. In considering cumulative error, we exercise unlimited review. *State v. Cruz*, 297 Kan. 1048, 1073-74, 307 P.3d 199 (2013).

9

One error, however, is considered to be insufficient to support reversal under the cumulative error doctrine. *State v. Novotny*, 297 Kan. 1174, 1191, 307 P.3d 1278 (2013). Here, the only error found involved the admission of hearsay testimony when the district court considered whether Guerra-Soliz was unavailable to testify at trial. This error alone, which we deemed to be harmless, is insufficient to support reversal on the ground of cumulative error.

Affirmed.