NOT DESIGNATED FOR PUBLICATION

Nos. 128,462
128,463

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAYSTARR M. RIDGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Opinion filed January 30, 2026. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB PETERSON, District Judge, assigned.

PER CURIAM: Daystarr M. Ridge appeals the Sedgwick County District Court's decision to revoke his probation and impose consecutive prison terms in two cases consolidated for appeal. This court granted Ridge's request for summary disposition of the appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Finding no abuse of discretion, we affirm.

1

*The court granted a dispositional departure to Ridge in 2022 CR 1987.*

In Sedgwick County District Court case number 2022 CR 1987 (the 2022 case), Ridge entered guilty pleas to burglary and three counts of robbery. At sentencing, even though the presumptive disposition for those offenses was prison, the district court took the unusual step of offering Ridge two options: serve concurrent prison sentences, resulting in a prison term of 43 months or serve probation with an 86-month underlying sentence. Ridge asked for probation. The court granted Ridge's request, ordering 36 months of probation with an 86-month underlying sentence.

*The court extended Ridge's probation after he committed multiple violations.*

Approximately two months later, the court issued a warrant based upon alleged probation violations. Ridge ultimately stipulated to or did not contest multiple violations, and the district court found that Ridge had violated probation in thirteen different respects. The court then extended Ridge's probation following a 60-day jail sanction and ordered Ridge to complete a residential program.

*The district court ultimately remanded Ridge to prison for a total of 62 months.*

One month after the probation revocation hearing, the court issued another warrant, this time based upon escape from custody allegations by leaving the residential program and failing to return. The State also filed a new complaint based on the same allegations in Sedgwick County District Court case number 2024 CR 911 (the 2024 case).

Eventually, Ridge entered a guilty plea in the 2024 case to aggravated escape from custody, and the court found that he violated his probation in the 2022 case. The district

2

court held a combined sentencing and probation disposition hearing to address both cases.

At the hearing, Ridge moved for a dispositional or durational sentencing departure in the 2024 case and moved for an extension of his probation in the 2022 case. He argued probation was appropriate considering his need for help with substance addiction, his desire to care for his mother who suffers from many health conditions, the judicial efficiencies associated the resolution of his cases, his age, his desire to be a positive influence on society, and his recent return to faith. Ridge also noted in his written departure motion that his second probation violation and charges in the 2024 case arose because

> "[He] was scared, he had gotten a call saying he had a warrant while he was at work on February 20, 2022. He didn't understand why; he was confused and scared. He didn't return, and he knows that is wrong. He is a young man of color who is scared of the system. Defense counsel can't say what he did was right, because of course it was not, but understands why he would be fearful."

The district court denied the motion for sentencing departure in the 2024 case for lack of substantial and compelling reasons. It imposed a prison sentence of 19 months—the mitigated number in the sentencing grid box—for the new conviction. The court also revoked probation in the 2022 case and imposed a modified underlying sentence of 43 months, down from 86 months. The court ordered the controlling sentences in both cases to run consecutively for a combined prison term of 62 months.

Ridge filed a timely appeal on both cases.

ANALYSIS

*We lack jurisdiction to consider Ridge's sentence in the 2024 case.*

Ridge does not dispute that the presumptive sentencing disposition for his conviction in the 2024 case was prison, nor does he dispute that the court imposed a sentence within the applicable presumptive sentencing range. For felonies committed on or after July 1, 1993, defendants cannot appeal "[a]ny sentence that is within the presumptive sentence for the crime." K.S.A. 21-6820(c). Because he was sentenced to the mitigated number in the grid box, Ridge received a presumptive sentence. Accordingly, this court cannot review Ridge's sentencing appeal in the 2024 case. See also *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011) ("[M]oving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence."). Ridge's direct appeal from the prison sentence in the 2024 case is dismissed for lack of appellate jurisdiction.

*Revocation of Ridge's probation in the 2022 case was not an abuse of discretion.*

On the 2022 case, Ridge argues that the district court abused its discretion by revoking his probation. "Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

A court abuses that discretion if its decision is based on an error of law or fact or is otherwise arbitrary, fanciful, or unreasonable. *State v. Page*, 303 Kan. 548, 555, 363 P.3d 391 (2015). Ridge argues that the district court's decision to impose the underlying prison term was unreasonable but does not argue legal or factual errors. Ridge, as the party contending that the court abused its discretion, bears the burden of establishing such

4

abuse. *Tafolla*, 315 Kan. at 328. We now consider the facts and circumstances of the 2022 case.

To begin, Ridge was convicted of serious felonies. Nevertheless, the district court found substantial and compelling reasons to grant him probation even though applicable law presumed that he should go to prison—i.e., it granted him a dispositional departure.

Moreover, the district court reinstated Ridge on probation after he committed violations less than two months after he began. Because Ridge was given a dispositional departure, the district court could have revoked his probation and sentenced him to prison, but it gave Ridge another chance. See K.S.A. 22-3716(c)(7)(B) (authorizing immediate revocation when probation has been ordered on a dispositional departure). In an effort to help Ridge be successful, the court also ordered Ridge to enter a residential program.

But Ridge failed probation again shortly thereafter. He left his residential program without authorization and failed to return.

It is true that Ridge is very young and may have had life experiences that led to his decision to leave the residential program. And we note his struggles with addiction and stressful family difficulties. The district court also recognized that Ridge had potential to become a valuable member of society at the revocation hearing. Nevertheless, the court felt that there were no other interventions it could order to help Ridge be successful:

> "We're just up against the wall on these cases. You had probation originally in the 22-CR case, and then that first probation violation, we just had—you know, you were presumptive imprisonment. I granted you a probation, and then we just had kind of had a pretty wholesale violation.
> "I mean, originally there were—it looks like you admitted to seven, eight, nine, ten—ten, I think eleven different violations, but a lot. And we went ahead and gave a

5

sanction, did the residential program, which is the biggest intervention I have, short of imprisonment. And then that didn't work."

Given (1) the quantity of Ridge's violations, (2) the relatively short amount of time Ridge was on probation before committing those violations, (3) the quick succession of the violations, (4) the nature of the underlying offenses in the 2022 case, (5) the unsuccessful interventions the court attempted, and (6) the extension the court granted Ridge on his probation on his first violation, we find the district court's decision to revoke Ridge's probation and impose a significantly shortened underlying sentence was reasonable.

The district court had ample, reasonable bases to revoke Ridge's probation and exercised a great deal of leniency and consideration in its rulings. We do not find an abuse of discretion.

Affirmed in part and dismissed in part.